O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| j2 GLOBAL, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br>             Plaintiffs, <br><br>     v. <br><br> FAX87.COM, FARJAD FANI, MATT JOHNSON FINANCE INC., <br><br>             Defendants. | Case No. CV 13-05353 DDP (AJWx) <br><br> **ORDER GRANTING MOTION TO DISMISS UNDER RULE 12(b)(5)** <br><br> [DKT No. 21] |

Before the Court is Defendant Farjad Fani's Motion to Dismiss for Insufficient Service of Process under Rule 12(b)(5) and Lack of Personal Jurisdiction under Rule 12(b)(2). The matter is fully briefed and suitable for adjudication without oral argument. <u>See</u> Fed.R.Civ.P. 78. Having considered the parties' submissions, the Court now issues the following order.

**II. Background**

Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively, "j2") assert claims for breach of

contract and patent infringement arising from Defendants' alleged unlicensed use of two patents owned by Plaintiffs.

j2 is the owner of U.S. Patents No. 6,208,638 ("'638 patent") and 6,350,066 ("'066 patent"). (Complaint ¶ 11-17 & Exs. A, B.) In a previous action filed on March 29, 2011, j2 sued Matt Johnson Finance, Inc. ("MJF"), Fax87.com ("Fax 87"), and Farjad Fani for infringement of the '638 and '066 patents ("First Action"). (Id. ¶ 18.) On April 12, 2012, the parties settled the First Action and it was dismissed by stipulation. (Id. ¶ 19.) As part of the settlement, j2 and MJF (doing business as Fax87.com) entered into a Patent License Agreement ("Agreement"). (Id. ¶ 20 & Ex. E.)

Under the Agreement, MJF received a non-exclusive license to the '638 and '066 patents in exchange for its payment to j2 of a lump sum of $25,000 and running royalties based on customer use. (Id. ¶ 21 & Ex. E, ¶ 3.1.) The Agreement also requires that MJF mark user materials and manuals associated with the licensed product with the numbers of the licensed patents in the manner required by 35 U.S.C. § 87. (Id. ¶ 22 & Ex. E. § 7.4.) Additionally, the Agreement requires MJF to notify j2 within a specified period if it undergoes one of several specified "change events," which j2 interprets to include any change in control of the Fax87.com website. (Id. ¶ 23. & Ex. E. § 8.)

The Agreement also includes a choice of law provision, providing that the Agreement is to be governed by California law, and a forum selection clause, providing that any claims arising from the Agreement must be brought in the Central District of California. (Id. Ex. E. § 10.1-10.2.)

j2 named Fani, along with MFJ and Fax87.com, in its claim for

breach of contract, alleging that these defendants breached the Agreement by failing to provide a royalty report, failing to remit royalty payments, selling the business without providing timely notice to j2, and failing to provide the required markings on the Fax.87.com website. (Id. ¶ 42.) Though not relevant to this motion, j2 additionally asserts patent infringement claims against the current owners and operators of Fax87.com, who are named as Does 1 & 2. (Id. ¶ 37-56.)

    Importantly, although Fani was a party to the First Action and to an agreement settling that litigation, he is not included in the Agreement as a party or signatory in his individual capacity. (Id. Ex. E.) Instead, Fani signed the Agreement as a signatory for Matt Johnson Finance, Inc. d/b/a Fax87.com, as the company's CEO. (Id.) Fani asserts, and j2 does not contest, that Fani was included in his individual capacity in the first draft of the Agreement provided by j2, but that he was removed as a party at his request during the negotiations that led to the final Agreement. (Id.) (Declaration of Farjad Fani in Support of Motion ¶ 4.)

    Fani asserts that, apart from being named in and negotiating the resolution to the earlier patent infringement litigation, he has no other personal contacts with California. He asserts that he formerly resided in Washington, but left the United States in or about February 2013. (Fani Decl. ¶ 2.) He asserts that he has never resided in California; does not maintain an office or place of business in California; has no mailing address, telephone number or telephone listing in California; does not own or lease property in California; does not maintain a bank account in California; and has not borrowed money in California or applied for a loan in

3

1  California. (Id.) He further asserts that he has only visited
2  California on vacation in the past. (Id. ¶ 3.)
3      As discussed further below, Fani also contends that he was not
4  served with the Summons and Complaint. Plaintiffs' proof of service
5  on Fani indicates that the Summons and Complaint were executed upon
6  Tom Walker ("Walker"), purportedly as an Agent for Service of
7  Process for Fani, at the Eastham Foster CPAs ("Eastham") firm in
8  Washington State on or about October 15, 2013. (DKT No. 13.)
9  Service on MJF was also simultaneously executed upon Walker, who
10 was MFJ's registered agent for service of process. (DKT No. 14.)
11     However, Fani has submitted a declaration stating that he has
12 not authorized any person or entity to accept service of process on
13 his behalf, and particularly, has never authorized Eastham or
14 Walker to accept service of process for him. (DKT No. 24 ¶ 7.) Fani
15 states that when he learned on November 4, 2013 that Walker had
16 mistakenly purported to accept service of process on his behalf, he
17 contacted Eastham, which then advised j2's counsel that Eastham and
18 Walker were only authorized to accept service of process for MJF.
19 (Id. ¶ 8.)
20     Fani moves to dismiss the claim against him for failure to
21 provide sufficient service of process under Rule 12(b)(5) and for
22 lack of personal jurisdiction under Rule 12(b)(2).
23
24 **II.  Motion to Dismiss for Insufficient Service of Process**
25     The Court first considers Fani's contention that service of
26 process was insufficient. "[S]ervice of summons is the procedure by
27 which a court having venue and jurisdiction of the subject matter
28 of the suit asserts jurisdiction over the person of the party

4

served." Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-445 (1946). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Accordingly, Federal Rule of Civil Procedure 12(b)(5) provides that insufficient service may be a basis for dismissal of a complaint. Fed.R.Civ.P. 12(b)(5). Requirements for the manner of service are established by Rule 4. As relevant here, Rule 4(e)(2)(C) provides that an individual may be served, *inter alia*, by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e)(2)(C). Once the adequacy of service is challenged, the plaintiff bears the burden of establishing that service was valid. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

Fani contends that service was insufficient here because Walker, the purported agent on whom Plaintiffs served process for Fani, was never authorized to accept service on Fani's behalf. (Mot. at 6.) Fani contends that, although Walker mistakenly failed to recognize that one set of the papers was directed to Fani when accepting service for MJF, this error does not render service on Fani sufficient. (Id.) Walker has submitted an affidavit stating that, although he is the agent for service of process for MJF, he is not the agent for service of process for Fani. (DKT No. 25 ¶ 3.) He states that he accepted papers for Fani in error under the misunderstanding that the papers concerned MJF only, not Fani. (Id.)

In response, j2 argues in its Opposition that "Walker did not

simply accept the papers without noticing that Fani was a Defendant, as Fani Argues. He affirmatively told the process server that he was authorized to accept service for Fani." (Opp. at 12.) This argument fails for two reasons. First, j2 does not support this assertion with any declaration by the process server or any other witness stating that Walker made the assertions j2 alleges in its Opposition. The Court cannot credit bald factual assertions by counsel made without any citation to supporting evidence. This is particularly so given that, in his declaration, Walker specifically denied having a conversation with the process server concerning to whom the papers were directed or advising the process server that he was authorized to accept service of process for Fani, or words to that effect. (Id.)

Second, as Fani notes, "even if a person states that he or she is authorized to accept service, that is not proof that the person actually has the authority to do so." U.S. Commodity Futures Trading Comm'n v. Paron Capital Mgmt., LLC, 2012 WL 1156396 (N.D. Cal. Apr. 6, 2012). Rule 4 requires that the purported agent have actual authority for service to be adequate. See Fed.R.Civ.P 4(e)(2)(C) (allowing for service on an agent who is "authorized by appointment or by law to receive service of process"); Pochiro v. Prudential Ins. Co. of Am., 827 F.2d 1246, 1248–49 (9th Cir. 1987) (service on attorney is insufficient unless attorney had actual authority from client to accept service on client's behalf).

j2 additionally argues that Fani was properly served because service was executed properly on MJF, which j2 contends is Fani's alter ego. (Opp. at 13.) Service on a defendant's alter ego may constitute service on defendant himself. See, e.g., Certified Bldg.

6

1  Prods. Ins. V. N.L.R.B.,528 F.2d 968, 969 (9th Cir. 1976). However,
2  in the instant Complaint, j2 has not made sufficient factual
3  allegations to support an alter ego theory.
4      To invoke the doctrine of alter ego, a plaintiff must assert
5  (1) that there is such a unity of interest and ownership between
6  the corporation and its equitable owner that the separate
7  personalities of the corporation and the shareholder do not in
8  reality exist; and (2) that there would be an inequitable result if
9  the acts in question are treated as those of the corporation alone.
10 Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101,
11 1115 (C.D. Cal. 2003). "Conclusory allegations of 'alter ego'
12 status are insufficient to state a claim. Rather, a plaintiff must
13 allege specifically both of the elements of alter ego liability, as
14 well as facts supporting each." Id., citing In re Currency
15 Conversion Fee Antitrust Litigation, 265 F.Supp.2d 385, 426
16 (S.D.N.Y. 2003). "Factors that courts have found militated towards
17 finding alter ego liability include commingling of assets,
18 treatment of the assets of the corporation as the individual's own,
19 failure to maintain corporate records, employment of the same
20 employees and attorneys, undercapitalization, and use of the
21 corporation as a shell for the individual." Ontiveros v. Zamora,
22 2009 WL 425962, at *7 (E.D. Cal. Feb 20, 2009).
23     Here, j2 has alleged no relevant facts in support of its alter
24 ego theory. Indeed, although the Complaint asserts that Fani and
25 MJF are alter egos, the only supporting factual allegations are
26 that "Defendant Farjad Fani is the sole officer of Matt Johnson
27 Finance, Inc. and purports to be the founder of Fax87.com."
28 (Complaint at ¶ 8.) These allegations are insufficient to plausibly

7

support a finding that MJF and Fani are alter egos. Nor do they suggest that there is as-yet-undiscovered evidence that would support such a finding.[1]

j2 has requested jurisdictional discovery. (Opp. at 12-13.) However, because there is no reason to believe that discovery may reveal evidence showing that Walker was authorized to accept service and because the Complaint does not sufficiently plead an alter ego theory, the Court finds that jurisdictional discovery--and its concomitant burden on the defendant and use of judicial resources--is not justified. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery.") (internal citation and quotation marks omitted). The Court therefore denies j2's request for jurisdictional discovery.

Because the Court finds j2 has not borne its burden to show that service of process upon Fani was sufficient, the Court does not reach Fani's motion to dismiss under Rule 12(b)(2). See Omni Capital, 484 U.S. at 104.

---

[1] The Court notes that the question of whether Fani and MJF are alter egos may be important for personal jurisdiction, as well as the merits, as Fani is not formally a party to the Agreement that forms the basis for j2's breach of contract claim.

8

**IV. Conclusion**

For the reasons set forth above, Defendant Fani's motion to dismiss under Rule 12(b)(5) is GRANTED. Fani is dismissed as a defendant in this action, without prejudice.

IT IS SO ORDERED.

Dated: February 5, 2014

S. JAMES OTERO
United States District Judge
for
DEAN D. PREGERSON
United States District Judge

9