SHARTSIS FRIESE LLP
FRANK A. CIALONE (Bar #172816)
fcialone@sflaw.com
ERICK C. HOWARD (Bar #214107)
ehoward@sflaw.com
JOSEPH V. MAUCH (Bar #253693)
jmauch@sflaw.com
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111-3598
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

Specially Appearing for Defendant Farjad Fani

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

j2 CLOUD SERVICES, INC., AND ADVANCED MESSAGING TECHNOLOGIES, INC.,

Plaintiffs,

v.

FAX87, FARJAD FANI, MATT JOHNSON FINANCE, INC., ELNAZ FANI, ONE VOIX, MIRALUNA CABERTE YARDAN, STEVEN THONG WAY SEN, ROBERT BEAULIEU, CHARLES MONTGOMERY, ONLINEFAXES, SOLIDFAX, FAXVISION, EFAX4LESS, MYPHONEFAX, RESELLFAX, AND DOES 1-10,

Defendants.

Case No. Case No. 13-cv-05353-DDP (AJW)

**MEMORANDUM IN SUPPORT OF DEFENDANT FARJAD FANI'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

**[Pursuant to Fed. R. Civ. Pro. 12(b)(5)]**

**Hearing Date:** **June 20, 2016**
**Time:** **10:00 a.m.**
**Courtroom:** **3**
**Judge** **Dean D. Pregerson**

Complaint Filed: July 24, 2013

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

- A. Plaintiffs File Original Complaint Against Mr. Fani For Breach Of Contract And Improperly Attempt To Serve Him .......... 2
- B. Two Years Later Plaintiffs Attempt Substitute Service Of The Original Complaint On Mr. Fani .......... 2
- C. Plaintiffs File An Amended Complaint Asserting Additional Claims Against Mr. Fani And His Purported Co-Conspirators .......... 3
- D. Plaintiffs Again Attempt Substitute Service Of The Amended Complaint On Mr. Fani .......... 3

III. ARGUMENT .......... 4

- A. Plaintiffs Did Not Attempt With Reasonable Diligence To Serve Mr. Fani Personally .......... 6
- B. Plaintiffs Did Not Mail A Copy Of The Summons And Amended Complaint To Mr. Fani At Sarfaraz's Residence .......... 7
- C. Sarfaraz's Residence Is Not Mr. Fani's Usual Place Of Abode Or Usual Mailing Address .......... 8

IV. CONCLUSION .......... 10

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Agricola ABC, S.A. de C.V. v. Chiquita Fresh N. Am., LLC*, 2010 U.S. Dist. LEXIS 123728 (S.D. Cal. Nov. 19, 2010) .......... 8

*Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986) .......... 5

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) .......... 5

*Camargo v. Rotner*, 2012 U.S. Dist. LEXIS 148162 (S.D. Cal. Aug. 6, 2012) .......... 5

*Craigslist, Inc. v. Hubert*, 278 F.R.D. 510 (N.D. Cal. 2011) .......... 8

*Gottschalk v. City & County of San Francisco*, 964 F Supp. 2d 1147 (ND. Cal. 2013) .......... 8

*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987) .......... 4

*United States CFTC v. Paron Capital Mgmt., LLC*, 2012 U.S. Dist. LEXIS 49154 (N.D. Cal. Apr. 6, 2012) .......... 4

*United States v. Soong*, 2014 U.S. Dist. LEXIS 30874 (N.D. Cal. Mar. 10, 2014) .......... 8

## STATE CASES

*Am. Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383 (2011) .......... 5, 6

*Espindola v. Nunez*, 199 Cal. App. 3d 1389 (1988) .......... 6

*Evartt v. Superior Court*, 89 Cal. App. 3d 795 (1979) .......... 6

*Zirbes v. Stratton*, 187 Cal. App. 3d 1407 (1986) .......... 8

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

ii

Case No. 13-cv-05353-DDP (AJW)

MEMO ISO DEFENDANT FARJAD FANI'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

**STATE STATUTES**

Cal. Civ. Proc. Code § 415.20 .......... 5, 6, 7, 8

Wash. Rev. Code § 4.28.080(16) .......... 5

**OTHER AUTHORITIES**

Fed. Rules Civ. Proc. R. 4 .......... 5

Fed. Rules Civ. Proc. R. 12(b)(5) .......... *passim*

- iii -

Case No. 13-cv-05353-DDP (AJW)

MEMO ISO DEFENDANT FARJAD FANI'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Defendant Farjad Fani ("Mr. Fani" or "Farjad"), by his undersigned counsel who specially appear on his behalf solely for purposes of challenging the sufficiency of service, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, brings this motion to dismiss with prejudice Plaintiffs' claims against him for insufficiency of service of process, as follows:

## I. INTRODUCTION

This Court should dismiss this action against named Defendant Farjad Fani because he has not been properly served. Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively "Plaintiffs") purported to substitute serve Mr. Fani with the First Amended and Supplemental Complaint ("Amended Complaint"), through his brother, Sarfaraz Fani, at Sarfaraz Fani's residence, on April 19, 2016. But Sarfaraz Fani's residence is not Mr. Fani's usual place of abode; indeed, Mr. Fani has never lived there and has only visited the residence on one or two occasions. Sarfaraz Fani told Plaintiffs' process server in February 2016, when Plaintiffs attempted to substitute serve the original complaint, that Mr. Fani did not live at the residence. Sarfaraz Fani gave the process server the same notice in April, and also advised Plaintiffs of that fact through his legal counsel. The process server admits in his proof of service declaration that he never saw Mr. Fani at the residence despite having closely monitored it, and that he otherwise relied on hearsay and other unreliable matter to determine he could leave the papers with Sarfaraz Fani. It appears that Plaintiffs made no other attempts to serve Mr. Fani elsewhere despite being advised that he did not live at Sarfaraz Fani's residence. Plaintiffs otherwise failed to comply with the requirements for substitute service. As Mr. Fani has not been properly served, this Court does not have jurisdiction over him, and the complaint against him must be dismissed.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

## II. FACTUAL BACKGROUND

### A. Plaintiffs File Original Complaint Against Mr. Fani For Breach Of Contract And Improperly Attempt To Serve Him

Nearly three years ago, on July 24, 2013, Plaintiffs filed a complaint against Mr. Fani, MJF, and Fax87.com, asserting breach of contract in connection with a license agreement between MJF and Plaintiffs (the "License Agreement"). Complaint [ECF No. 1]. On or about October 15, 2013, Plaintiffs' process server purported to serve Mr. Fani in Washington through the agent for service of process for MJF. Proof of Service [ECF No. 12]. Mr. Fani filed a motion to dismiss based on improper service and lack of personal jurisdiction. Motion to Dismiss [ECF No. 21]. On February 5, 2014, the Court issued an order finding service improper and dismissing the Complaint against Mr. Fani. Order [ECF No. 32]. It appears that Plaintiffs made no further attempts to serve Mr. Fani until a few months ago.

Mr. Fani, who had moved overseas before the plaintiffs filed the lawsuit, returned to Washington state at the end of December 2013 after he learned that his father had been diagnosed with terminal cancer. Declaration of Farjad Fani In Support of Motion to Dismiss ("Fani Decl.), ¶ 4. Mr. Fani stayed in Bellevue, Washington, from January 2014 to August 2015 taking care of his father. *Id.* He returned overseas in August 2015 after his father passed away. *Id.* During the 20 months Mr. Fani was in Bellevue, Washington, it appears Plaintiffs never attempted to serve him.

### B. Two Years Later Plaintiffs Attempt Substitute Service Of The Original Complaint On Mr. Fani

On or about February 3, 2016 – two years after the original Complaint was dismissed against Mr. Fani – Plaintiffs finally attempted to serve Mr. Fani again. Plaintiffs' process server purported to serve Mr. Fani with the original Complaint at the residence of his brother, Sarfaraz Fani ("Sarfaraz"), at 12707 120th Street, Unit B11, in Kirkland, Washington ("Sarfaraz's Residence"). Declaration of

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Sarfaraz Fani in Support of Motion to Dismiss ("Sarafaz Decl."), ¶ 4. Sarfaraz informed the process server that Farjad did not live there. *Id*. On February 25, 2016, Plaintiffs filed a proof of service confirming Sarfaraz's admonition to Plaintiffs' process server that Mr. Fani did not live at Sarfaraz's Residence, but nevertheless asserting that they had properly served Mr. Fani by substitute service. Proof of Service [ECF No. 36]. The process server admitted, however, that he never saw Mr. Fani at Sarfaraz's Residence. *Id.*

### C. Plaintiffs File An Amended Complaint Asserting Additional Claims Against Mr. Fani And His Purported Co-Conspirators

On or about April 15, 2016, Plaintiffs filed a First Amended and Supplemental Complaint ("Amended Complaint") with leave from the Court. Amended Complaint [ECF No. 43]. The Amended Complaint again asserts a claim for breach of the License Agreement against Mr. Fani and MJF, but for the first time Plaintiffs also assert claims for patent infringement, trademark infringement, and unfair competition against Mr. Fani, his sister, and other individuals and entities purportedly conspiring with him and MJF. *Id.*

### D. Plaintiffs Again Attempt Substitute Service Of The Amended Complaint On Mr. Fani

On or about April 19, 2016, Plaintiffs' process server purported to serve Mr. Fani by leaving a summons and the Amended Complaint with his brother Sarfaraz at Sarfaraz's Residence.[1] Sarafaz Decl., ¶ 6. Farjad does not currently reside and has never resided at Sarfaraz's Residence. Fani Decl., ¶ 3; Sarfaraz Decl., ¶ 3. Indeed, Farjad has only visited Sarfaraz's Residence once or twice over the three years that Sarfaraz has lived there. Fani Decl., ¶ 3; Sarfaraz Decl., ¶ 3. Moreover, Farjad has never authorized Sarfaraz to accept service on his behalf. Fani Decl., ¶ 5.

---

[1] Plaintiffs also attempted to serve Elnaz Fani, Farjad's sister, by leaving a Summons and Amended Complaint at Sarfaraz's Residence, but she does not live with Sarfaraz either. Elnaz Fani has separately filed a motion to dismiss.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

As he had in February 2016, Sarfaraz again informed the process server that Farjad did not reside at Sarfaraz's Residence. Sarfaraz Decl., ¶ 6. Nevertheless, the process server left the summons and Amended Complaint, and purported to have properly substitute served Mr. Fani. Proof of Service [ECF No. 46]. The process server, however, never observed Mr. Fani at Sarfaraz's Residence.[2] *Id*. Sarfaraz's attorney also followed up with Plaintiffs' counsel to yet again inform Plaintiffs that Farjad did not reside at Sarfaraz's Residence, that Sarfaraz was not authorized to accept service on Farjad's behalf, and that service was defective. Sarfaraz Decl., ¶ 6, Ex. A.

On May 6, 2016, two business days before Mr. Fani's response to the Amended Complaint was due, Plaintiffs filed a proof of service related to the April 19 service of process. Proof of Service [ECF No. 46]. Again, the process server does not claim to have ever seen Mr. Fani at Sarfaraz's Residence. *Id*.

## III. ARGUMENT

The service of process on Mr. Fani must be quashed and the case dismissed because Plaintiffs never properly served him. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A court may dismiss an action pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure where a plaintiff has failed to properly serve a defendant. *United States CFTC v. Paron Capital Mgmt., LLC*, 2012 U.S. Dist. LEXIS 49154, *7 (N.D. Cal. Apr. 6, 2012).

Rule 4 of the Federal Rules of Civil Procedure prescribes the manner in which a defendant may be served. In particular, Rule 4(e)(2)(B) provides that a person may be served by "leaving a copy of each at the individual's dwelling or

[2] According to the process server, he closely monitored Sarfaraz's Residence inasmuch he purported to establish that Sarfaraz lived there because he saw Sarfaraz sleeping there and had observed him at the residence. Proof of Service [ECF No. 46].

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

usual place of abode with someone of suitable age and discretion who resides there." Rule 4 also allows a plaintiff to utilize the procedures of the state in which the district court is located (California) or where service is made (Washington). Fed. Rules Civ. Proc. R. 4(e)(1). Washington law follows Rule 4 regarding substitute service. Wash. Rev. Code § 4.28.080(16). California law is similar but provides that "a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address." Cal. Code Civ. Proc. §415.20(b) ("Section 415.20"). Section 415.20 further requires that a plaintiff attempt personal service "with reasonable diligence" before utilizing substitute service. "Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.'" *Am. Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389 (2011) (emphasis added). In addition, a copy of the summons and complaint must be mailed to the person to be served at the place where the summons and complaint were left. Cal. Code Civ. Proc. §415.20(b).

Plaintiffs bear the burden of establishing the validity of service. *Camargo v. Rotner*, 2012 U.S. Dist. LEXIS 148162, *10 (S.D. Cal. Aug. 6, 2012); *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citation omitted).

Here, Plaintiffs cannot meet their burden because (1) Plaintiffs have not attempted with reasonable diligence to serve Mr. Fani personally, as required by Section 415.20; (2) Plaintiffs have not mailed a copy of the summons and Amended Complaint to Mr. Fani at Sarfaraz's Residence, as also required by Section 415.20; and (3) Sarfaraz's Residence is not Mr. Fani's dwelling, usual place of abode, usual place of business, or usual mailing address, under California or federal law.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Pursuant to Rule 12(b)(5), the court should quash the service of process and dismiss the complaint against Mr. Fani.

### A. Plaintiffs Did Not Attempt With Reasonable Diligence To Serve Mr. Fani Personally

Under California law, an individual may be served by substitute service only after a good faith effort at personal service has first been made; the burden is on the plaintiff to show that the summons and complaint "cannot with reasonable diligence be personally delivered" to the individual defendant. Cal. Code Civ. Proc. § 415.20(b); *Am. Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389 (2011); *see also Evartt v. Superior Court*, 89 Cal. App. 3d 795, 799 (1979) (Section 415.20 makes substitute service a "secondary method of service on natural persons" and the statutory requirement of reasonable diligence must be strictly complied with); *see also Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988) (several attempts at the proper place generally required to show reasonable diligence.)

Here, Plaintiffs have not met their burden to prove they attempted personal service on Mr. Fani in good faith and with reasonable diligence. Plaintiffs filed the original Complaint in this action on July 24, 2013. In the two years and nine months since initiating this action, Mr. Fani is not aware of a single attempt to personally serve Mr. Fani at a proper place. Fani Decl., ¶ 4. The attempted service through MJF's agent of service was not at a proper place in 2013, and neither was the attempted substitute service at Sarfaraz's Residence over two years later.

The proofs of service filed by Plaintiffs do not, moreover, evince a good faith and reasonably diligent attempt to personally serve Mr. Fani <u>at a proper place</u>.[3] As set forth above, the first time the process server attempted service at

[3] As noted above, Plaintiffs have filed two pertinent proofs of service related to Mr. Fani: first on February 25, 2016, in connection with the prior attempt at substitute service of the original Complaint [ECF No. 36] and then on May 6, 2016, in connection with the substitute service at issue here [ECF No. 46].

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Sarfaraz's Residence on February 3, 2016, Sarfaraz expressly informed him that Mr. Fani did not live there. Plaintiffs ignored this admonition, and continued to attempt to serve Mr. Fani only at Sarfaraz's Residence (*see* Proofs of Service [ECF Nos. 36 and 46]). Without basis, Plaintiffs disregarded not only the fact that Sarfaraz told the process server Mr. Fani did not live there, but also that Mr. Fani had never been seen there during multiple visits to Sarfaraz's Residence. Attempts to serve Mr. Fani at Sarfaraz's Residence were therefore not in good faith and not at a proper place.

Had Plaintiffs not sat on their hands for years, personal service on Mr. Fani could have been effected at a proper place in Bellevue, Washington, between January 2014 and August 2015. Mr. Fani returned to Washington in January 2014 in order to care for his sick father, and he lived with his parents in Bellevue, Washington, until August 2015, when he returned overseas after his father died. Fani Decl., ¶ 4. During these twenty months, Plaintiffs made no effort to personally serve Mr. Fani. *Id.* That Washington is no longer a proper place to serve Mr. Fani is due to Plaintiffs' lack of diligence, not the alleged evasion by Mr. Fani imagined by Plaintiffs.

### B. Plaintiffs Did Not Mail A Copy Of The Summons And Amended Complaint To Mr. Fani At Sarfaraz's Residence

As noted above, Section 415.20 also requires that Plaintiffs mail a copy of the summons and Amended Complaint to Mr. Fani at Sarfaraz's Residence. Although Plaintiffs' Proof of Service states that the summons and Amended Complaint were mailed to Sarfaraz's Residence (*see* Proof of Service [ECF No. 46]), Sarfaraz has not received them. Sarfaraz Decl., ¶ 7. This failure renders service ineffective under Section 415.20. *Gottschalk v. City & County of San Francisco*, 964 F Supp. 2d 1147, 1166 (ND. Cal. 2013).

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

### C. Sarfaraz's Residence Is Not Mr. Fani's Usual Place Of Abode Or Usual Mailing Address

The determination of whether a particular residence counts as an individual's dwelling place or usual place of abode is the same under both federal and California law. *See* Cal. Civ. Proc. Code § 415.20 (Judicial Council Comment stating "[t]he terms 'dwelling house' and 'usual place of abode' take their meaning from the Federal Rules"). In both instances, the analysis is "highly fact-specific." *Craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 515 (N.D. Cal. 2011). "The critical question is whether a place . . . has 'sufficient indicia of permanence' – *i.e.*, it is not a temporary residence." *United States v. Soong*, 2014 U.S. Dist. LEXIS 30874, at *7 (N.D. Cal. Mar. 10, 2014) (citing *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir. 1991). A defendant's mere connection – past or present – to a residence, even one owned by a family member, is insufficient without more to determine that substitute service on the defendant at that residence is valid. *See, e.g., Zirbes v. Stratton* , 187 Cal. App. 3d 1407, 1415-17 (1986) (holding substitute service to house owned by defendant's mother and restaurant owned by defendant's estranged husband ineffective where defendant had not worked at restaurant in years and had established a separate legal residence despite using mother's address to renew driver's license); *Agricola ABC, S.A. de C.V. v. Chiquita Fresh N. Am., LLC*, 2010 U.S. Dist. LEXIS 123728, at *16-17 (S.D. Cal. Nov. 19, 2010) (holding substitute service on defendant's daughter at house owned by defendant's wife and mother ineffective where defendant had a permanent residence in Mexico, did not own or live at the house, and only stayed at the house "approximately 4 times per year, for a few days at a time").

Here, the determination that Sarfaraz's Residence does not qualify as Mr. Fani's dwelling place or usual place of abode is easy. Not only are there insufficient "indicia of permanence;" there is no credible evidence that Mr. Fani even stayed at Sarfaraz's Residence on a temporary basis. As set forth in section II.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

D above and in Mr. Fani's signed declaration, Mr. Fani has never lived for any amount of time at Sarfaraz's Residence. Fani Decl., ¶ 3. One or two visits to Sarfaraz's Residence over the space of three years cannot and does not render Sarfaraz's Residence as Mr. Fani's place of abode for substitute service.

Plaintiffs' Proof of Service, filed May 6, 2016, is unavailing. The process server admits he never saw Mr. Fani at Sarfaraz's Residence. The purported contentions of an unidentified neighbor – whose alleged statements are unattested, unsupported, hearsay evidence[4] – does not establish that Sarfaraz's Residence is Mr. Fani's usual place of abode, especially in light of the contrary attestations of both Mr. Fani and Sarfaraz that Mr. Fani has never lived there. Moreover, additional evidence attested to by Mr. Fani and Sarfaraz sheds light on and further controverts the purported claims of the unidentified neighbor. Another brother of Sarfaraz and Mr. Fani, Farough Fani, does live at Sarfaraz's Residence, and it is likely that the neighbor was referring to Farough Fani (if the neighbor referred to anyone at all).[5] Sarfaraz Decl., ¶ 2.

In sum, Plaintiffs have not and cannot establish that Sarfaraz's Residence is Mr. Fani's usual place of abode. Nor is there any evidence that Sarfaraz's Residence is Mr. Fani's usual mailing address or usual place of business. Fani Decl., ¶ 3.

/ / /

/ / /

/ / /

/ / /

/ / /

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

[4] Indeed, the alleged basis of the unidentified neighbor's knowledge of who lives at Sarfaraz's Residence is completely unknown.

[5] Likewise the presence of a car in the driveway does not demonstrate that Sarfaraz's Residence is Mr. Fani's usual place of abode, especially as Mr. Fani has never been observed driving it.

**IV. CONCLUSION**

For all the foregoing reasons, Plaintiffs cannot demonstrate they have properly served Mr. Fani. The Court should grant Mr. Fani's motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, and dismiss the claims against him with prejudice.

Dated: May 10, 2016 SHARTSIS FRIESE LLP

By: */S/ Erick C. Howard*
ERICK C. HOWARD

Specially Appearing for Defendant Farjad Fani

7738848

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 10 -

Case No. 13-cv-05353-DDP (AJW) MEMO ISO DEFENDANT FARJAD FANI'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS