Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Bassil Madanat, Bar No. 285280
bassil@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorneys for Plaintiffs j2 Cloud Services, LLC. and
Advanced Messaging Technologies, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| j2 CLOUD SERVICES, LLC, AND ADVANCED MESSAGING TECHNOLOGIES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>FAX87, FARJAD FANI, MATT JOHNSON FINANCE, INC., ONE VOIX, MIRALUNA CABERTE YARDAN, STEVEN THONG WAY SEN, ROBERT BEAULIEU, ONLINEFAXES, SOLIDFAX, FAXVISION, EFAX4LESS, MYPHONEFAX, RESELLFAX, AND DOES 1-10<br><br>Defendants. | Case No. 13-cv-05353-DDP (AJWx)<br><br>**DECLARATION OF EXPERT WITNESS SIDNEY BLUM IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FAX87, MATT JOHNSON FINANCE, INC., ONE VOIX, MIRALUNA CABERTE YARDAN, ONLINEFAXES, SOLIDFAX, FAXVISION, EFAX4LESS, MYPHONEFAX AND RESELLFAX**<br><br>Date:        November 28, 2016<br>Time:        10:00 a.m.<br>Courtroom:   9C<br><br>Judge: Hon. Dean D. Pregerson |

---

DECLARATION OF EXPERT WITNESS SIDNEY BLUM

I, Sidney Blum, declare as follows:

1.     I have been retained by Ruttenberg IP Law on behalf of j2 Cloud Services, LLC and Advanced Messaging Technologies, Inc. ("j2" or "Plaintiffs") as an expert witness to calculate damages in support of j2's Motion for Default Judgment against Fax87, Matt Johnson Finance, Inc., One Voix, Miraluna Caberte Yardan, OnlineFaxes, SolidFax, FaxVision, eFax4Less, MyPhoneFax, ResellFax, and Does 1-10 (collectively, "Defaulting Defendants").  j2 has brought causes of action for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) promissory fraud, (4-6) infringement of U.S. Patent Nos. 6,208,638 ("the '638 Patent"), 8,310,699 ("the '699 Patent"), and 8,675,220 ("the '220 Patent'), (7) trademark infringement, (8) unfair competition under the Lanham Act, (9) unfair competition under California Business & Professions Code § 17200, and (10) petition to collect a claim from an inactive Washington corporation.

2.     I have prepared an expert report ("Report") on damages in connection with the above-captioned matter.  A true and correct copy of my report is attached hereto.

3.     My background and experience, as well as materials reviewed, scope of assignment, my understanding of the facts and my conclusions, are set forth in my Report.

4.     <u>Breach of Contract/Breach of Covenant of Good Faith and Fair Dealing</u>: As detailed in my Report, Plaintiffs have incurred damages in the form of unpaid royalties and unpaid late-free payments from April 2012 and projected through December 31, 2016, resulting from the defendants' breaches of the License Agreement and Settlement Agreement.  As detailed in the Report, j2 is owed $3,730,492.00 in unpaid royalties, plus $672,424.00 in unpaid late fees, for a total of **$4,402,916.00**.

5.     <u>Patent Infringement</u>: As detailed in my Report, Plaintiffs have incurred damages in the form of a reasonable royalty from defendants' breaches of the '638

Patent, the '220 Patent, and the '699 Patent (collectively, "Patents-In-Suit"). I determined that a reasonable royalty, which represents the minimum threshold of compensation, is the best form of calculation, in part because the parties provided an agree-upon royalty rate in § 3.1 of the License Agreement. Based upon my examination of the presented information, I have concluded that the royalties due to j2 totals $3,844,629 for the Defaulting Defendants' infringements of j2's Patents-In-Suit projected through December 31, 2016, plus an additional $459,511 in prejudgment interest, for a total of **$4,304,140**.

6. <u>Trademark Infringement/Lanham Act Violations:</u> As detailed in my Report, I determined the damages incurred by j2 for Defaulting Defendants' alleged infringement of j2's EFAX® and E-FAX® trademarks. As detailed in my Report, I have determined that the appropriate measure of damages is equal to the disgorgement of j2's EFAX® and E-FAX® trademarks. As detailed in my report, it is my opinion that the amount of damages owed to j2 by for these violations by the Defaulting Defendants is **$9,579,507**.

7. <u>Promissory Fraud:</u> As detailed in my Report, I have also calculated the damages incurred by j2 for Defaulting Defendants' promissory fraud. In calculating these damages, I have considered the royalties Defaulting Defendants would have owed had they not granted the defendants a release in the 2011 litigation based upon the defendants' fraudulent promises, as well as the discounts afforded to the Defaulting Defendants by j2 based upon and in reliance on the false promises. As detailed in my Report, I conclude that the j2 should be awarded $549,646, plus prejudgment interest in the amount of $331,001, for pre-settlement damages (up through April 2012). I further conclude that j2 should be awarded an additional $119,266, plus prejudgment interest in the amount of $35,561, for discounts afforded the Defaulting Defendants from May 2012 through April 2014. Accordingly, in my opinion, the total compensatory damages that should be award to j2 for the Defaulting Defendants' fraud is **$1,035,474**.

2

DECLARATION OF EXPERT WITNESS SIDNEY BLUM

8.   <u>Unfair Competition</u>: I have also calculated the amount of profits that should be disgorged as a result of Defaulting Defendants' unfair competition.  As detailed in my Report, I have determined that the Defaulting Defendants earned **$16,048,220** in unjust enrichment that should be disgorged as a result of their conduct.

9.   <u>Summary of Damages</u>: As detailed in my Report, I recognize that some of these damages and disgorged profits may be duplicative of one another and, absent an appropriate adjustment, this would result in double recovery for j2.  Accordingly, as detailed in my report, I only counted the highest award (*e.g.,* only one royalty, lost profit or disgorgement) for each sale.  To account for these deductions, I subtracted a total of $18,349,499 to account for possible double recovery.  Without that adjustment, I conclude that the total compensatory award against the Defaulting Defendants should be **$17,020,758**.

10.   <u>Attorney Fees</u>:  I also understand that j2 seeks recovery for attorney fees in connection with each claim against the defendants.  I further understand that this Court uses a formal based on the amount of the judgment for calculating attorney fees in connection with a motion for entry of default judgment.  As detailed in my report, I calculate attorney fees owed under that formal as an additional **$336,389**.

11.   <u>Punitive/Treble Damages</u>:  I also understand that j2 has alleged that the infringement in this case has been willful giving rise to an award of attorney's fees and treble damages, and that the tortious activity has been conducted with malice, oppression and fraud.  I understand that j2 seeks treble damages in connection with the fraud and infringement damages.  If I want to treble only those damages, I assume that the first instance of the fraud and infringement damages is already subsumed in the compensatory calculations above.  Further, if I add two more instances (for a total of three) of the fraud-only damages (excluding interest) through incurred through April 2012, that would add an additional amount of $1,099,292 in punitive damages.  Likewise, if I add two more instances (for a total of three) of the patent infringement-

only damages (excluding interest) from January 1, 2013 projected through December 31, 2016, that would add an additional amount of $7,689,258.  Together, that amounts to an additional sum of **$8,788,550** for enhanced damages.

12.     In total, the sum of the compensatory damages, attorney fees and enhanced damages outlined above, with supporting detail in the attached report, is $**26,145,697**.

13.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, including the findings as set forth in my Report, which I incorporated in full herein by reference.

Executed this day, October 31, 2016, in Los Angeles County, California.

By: _____

SIDNEY BLUM

4

DECLARATION OF EXPERT WITNESS SIDNEY BLUM

## CERTIFICATE OF SERVICE

I certify that I caused to be served counsel of record on October 31, 2016 with DECLARATION OF EXPET WITNESS SIDNEY BLUM IN SUPPORT OF IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FAX87, MATT JOHNSON FINANCE, INC., ONE VOIX, MIRALUNA CABERTE YARDAN, ONLINEFAXES, SOLIDFAX, FAXVISION, EFAX4LESS, MYPHONEFAX AND RESELLFAX.

Executed on October 31, 2016 in Los Angeles, California.

By: _____
/s/ Guy Ruttenberg
GUY RUTTENBERG