1   CONSTANCE J. YU (SBN. 182704)
    E-mail:     cyu@plylaw.com
2   MICHELLE L. LANDRY (SBN. 190080)
    E-mail:     mlandry@plylaw.com
3   PUTTERMAN LANDRY + YU LLP
    353 Sacramento Street, Suite 560
4   San Francisco, CA 94111
    Telephone:  (415) 839-8779
5   Facsimile:  (415) 727-1363

6   Attorneys for
    Defendant Farjad Fani

7

8                  UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA
9

10

11  j2 CLOUD SERVICES, INC., AND          Case No.:13-cv-05353-DDP (AJW)
    ADVANCED MESSAGING
12  TECHNOLOGIES, INC.                     **ANSWER OF FARJAD FANI TO
                                           J2 CLOUD SERVICES, INC.'S AND
13                  Plaintiff,             ADVANCED MESSAGING
                                           SERVICES, INC.'S FIRST
14         v.                              AMENDED AND SUPPLEMENTAL
                                           COMPLAINT, AFFIRMATIVE
15  FAX87, FARJAD FANI, MATT               DEFENSES AND
    JOHNSON FINANCE, INC., ELNAZ           COUNTERCLAIMS**
16  FANI, ONE VOIX, MIRALUNA
    CABERTE YARDAN, STEVEN THONG           **DEMAND FOR JURY TRIAL**
17  WAY SEN, ROBERT BEAULIEU,
    CHARLES MONTGOMERY,
18  ONLINEFAXES, SOLIDFAX,
    FAXVISION, EFAX4LESS,
19  MYPHONEFAX, RESELLFAX, AND
    DOES 1-10,
20
                    Defendants.
21
    FARJAD FANI,
22
                    Counter-Claimant,
23
           v.
24
    j2 CLOUD SERVICES, INC., AND
25  ADVANCED MESSAGING
    TECHNOLOGIES, INC.
26
                    Counter-Defendants.
27

28

COMES NOW Defendant Farjad Fani ("Fani") and, for his answer to Plaintiffs j2 Cloud Services, Inc.'s and Advanced Messaging Technologies, Inc.'s (collectively "Plaintiffs") First Amended and Supplemental Complaint ("Amended Complaint"), and for no others, states as follows:

1.      Paragraph 1 does not contain any allegations of fact and therefore Fani makes no response thereto.  Except as admitted herein, Fani denies each and every other allegation of Paragraph 1.

2.      Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint, and therefore denies the same.

3.      Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Amended Complaint, and therefore denies the same.

4.      Fani states that the allegations of Paragraph 4 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Matt Johnson Finance, Inc. ("MJF") was a corporation organized under the laws of the State of Washington.  Fani admits that MJF's principal place of business was 155 108th Avenue, NE, Suite 703, Bellevue, Washington 98004.  Fani admits that MJF did business through fax87.com.  Fani admits that MJF was dissolved by the Washington Secretary of State for failure to file an annual list of officers/license renewal.  Fani denies the remaining allegations of Paragraph 4.

5.      Fani admits that he was the sole officer of Matt Johnson Finance, Inc. ("MJF").  Fani admits that during the pendency of the action he reported that he had left the United States. Fani denies that in late 2015 or early 2016 he returned permanently to the United States.  Fani admits that he currently resides in Washington State, and has resided there at times before.  Fani denies the remaining allegations of Paragraph 5.

6.      Fani states that the allegations of Paragraph 6 are not directed to him and

therefore he makes no answer thereto. To the extent any answer is required, Fani denies that Defendant Fax87 is an alter ego or "alias" of Mr. Fani.  Fani avers that fax87.com is a website, which is owned by Defendant MyPhoneFax, LLC. Fani admits that MyPhoneFax, LLC provides Internet facsimile messaging services, including to California citizens, through various websites, including fax87.com and enterprise.fax87.com, which do not infringe the patents at issue. Fani denies the remaining allegations of Paragraph 6.

7.      Fani states that the allegations of Paragraph 7 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies that OnlineFaxes is an unincorporated business association, or an affiliate or alter-ego of Defendant Fax87.  Fani avers that OnlineFaxes.com is a website, which is owned by Defendant MyPhoneFax, LLC.  Fani admits that MyPhoneFax, LLC provides Internet facsimile messaging services, including to California citizens, which do not infringe the patents at issue, through various websites, including OnlineFaxes.com.  Fani denies the remaining allegations of Paragraph 7.

8.      Fani states that the allegations of Paragraph 8 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies that SolidFax is an unincorporated business association, or alter-ego of Defendant Fax87 and OnlineFaxes.  Fani avers that SolidFax.com is a website, which is owned by Defendant MyPhoneFax, LLC.  Fani admits that MyPhoneFax, LLC provides Internet facsimile messaging services, including to California citizens, which do not infringe the patents at issue, through various websites, including SolidFax.com. Fani denies the remaining allegations of Paragraph 8.

9.      Fani states that the allegations of Paragraph 9 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies that FaxVision is an unincorporated business association, or an alter-ego of Defendant Fax87, OnlineFaxes and/or SolidFax.  Fani avers that FaxVision is a website, which is owned by Defendant MyPhoneFax, LLC.  Fani admits that

1   MyPhoneFax, LLC provides Internet facsimile messaging services, including to

2   California citizens, which do not infringe the patents at issue, through various

3   websites, including FaxVision.  Fani denies the remaining allegations of Paragraph 9.

4        10.    Fani states that the allegations of Paragraph 10 are not directed to him and

5   therefore he makes no answer thereto. To the extent any answer is required, Fani states

6   upon information and belief, that eFax4less.com is a website operated by Robert

7   Beaulieu.  MyPhoneFax.Com LLC does not own, operate or otherwise endorse

8   eFax4less.com.  Fani lacks information and belief sufficient for him to be able to admit

9   or deny the remaining allegations of Paragraph 10, and therefore denies them.

10       11.    Fani states that the allegations of Paragraph 11 are not directed to him and

11  therefore he makes no answer thereto. To the extent any answer is required, Fani

12  denies that "MyPhoneFax" is an unincorporated business association or an alter-ego of

13  the listed websites.  Fani avers that Defendant MyPhoneFax.com, LLC is a limited

14  liability company organized under the laws of the Cook Islands.  Fani admits that

15  MyPhoneFax.com, LLC provides Internet facsimile messaging services, including to

16  California citizens, which do not infringe the patents at issue, through various

17  websites, including fax87.com, OnlineFaxes.com, SolidFax.com, and FaxVision.com.

18  Fani denies the remaining allegations of Paragraph 11.

19       12.    Fani states that the allegations of Paragraph 12 are not directed to him and

20  therefore he makes no answer thereto. To the extent any answer is required, on

21  information and belief, Fani denies that ResellFax is an unincorporated business

22  association or an alter-ego of the listed websites.  Fani avers that Defendant

23  MyPhoneFax, LLC is a limited liability company organized under the laws of the

24  Cook Islands.  Fani admits that MyPhoneFax, LLC provides Internet facsimile

25  messaging services, including to California citizens, which do not infringe the patents

26  at issue, through various websites, including ResellFax.com.  Fani denies the

27  allegations of Paragraph 12.

28       13.    Fani admits that Elnaz Fani is his sister.  Fani states that the allegations of

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING
SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

1   Paragraph 13 otherwise are not directed to him and therefore he makes no answer

2   thereto.  To the extent any answer is required, Fani admits that Elnaz Fani is his sister

3   and that she resides in Redmond, WA.  Fani denies that she is involved in any aspect

4   of any defendant's business.

5          14.    Fani states that the allegations of Paragraph 14 are not directed to him and

6   therefore he makes no answer thereto. To the extent any answer is required, Fani

7   admits that OneVoix is a Philippines-based company, with an office in Ayala Alabang,

8   Muntinlupa, Metro Manila, Republic of Philippines, which provides customer support

9   to MyPhoneFax.com LLC.  Fani denies the remaining allegations of Paragraph 14.

10         15.    Fani admits that Miraluna Yardan is a friend of his and to his knowledge

11  resides in Santa Rosa, Laguna, in the Republic of the Philippines.  Fani states that the

12  allegations of Paragraph 15 are otherwise not directed to him and therefore he makes

13  no answer thereto. To the extent any answer is required, on information and belief,

14  Fani denies the allegations of Paragraph 15.

15         16.    Fani states that the allegations of Paragraph 16 are not directed to him and

16  therefore he makes no answer thereto. To the extent any answer is required, Fani

17  admits that Steven Thong resides in Colorado, but otherwise denies the allegations of

18  Paragraph 16.

19         17.    Fani states that the allegations of Paragraph 17 are not directed to him and

20  therefore he makes no answer thereto. To the extent any answer is required, on

21  information and belief, Fani denies the allegations of Paragraph 17.

22         18.    Fani states that the allegations of Paragraph 18 are not directed to him and

23  therefore he makes no answer thereto. To the extent any answer is required, on

24  information and belief, Fani denies the allegations of Paragraph 18.

25         19.     Paragraph 19 does not contain any allegations of fact and therefore Fani

26  makes no answer thereto. To the extent any answer is required, on information and

27  belief, Fani denies the allegations of Paragraph 19.

28         20.    Fani admits that this Court has subject matter jurisdiction pursuant to

28 U.S.C. §§ 1331, 1332 and 1338, 15 U.S.C. §§ 1114 and 1115. Fani admits that Plaintiffs allege that the amount in controversy is over $75,000. Fani admits that Plaintiffs allege that the Court has supplemental jurisdiction over the state-law claim under 28 U.S.C. § 1367. Fani denies that Plaintiffs have any claim under the foregoing patent, trademark, or state laws. Fani denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21.    Fani admits that the Court has jurisdiction over him in relation to the 2012 Settlement Agreement. Fani denies that he negotiated or executed either the Settlement Agreement or License Agreement in this District. Fani admits that the Agreements are governed by California law and that they were intended to be performed at least in part in California. The remaining allegations of Paragraph 21 are legal conclusions that do not require a response. To the extent any answer is required, Fani denies the allegations of Paragraph 21.

22.    Fani states that the allegations of Paragraph 22 are not directed to him, or are legal contentions that do not require a response, and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the allegations of Paragraph 22.

23.    Fani states that the allegations of Paragraph 23 are not directed to him, or are legal contentions that do not require a response, and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the allegations of Paragraph 23.

24.    Fani admits that the 2012 Settlement Agreement provides for venue in this District. Fani admits that as to MJF, the 2012 License Agreement provides for venue in this District. Fani denies the remaining allegations of Paragraph 24 directed to him.

25.    Fani admits that the cover page of U.S. Patent No. 6,208,638 ("'638 patent") states that its issuance date was March 27, 2001 and that its title is "METHOD AND APPARATUS FOR TRANSMISSION AND RETRIEVAL OF FACSIMILE

5                              CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

AND AUDIO MESSAGES OVER CIRCUIT OR PACK SWITCHED NETWORK." Fani further admits that Jack Rieley and Jaye Muller are identified as inventors on the cover page of the '638 patent. Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Amended Complaint, and therefore denies the same.

26.     Fani admits that Exhibit 2 appears to be a copy of Registration Certificate for the '638 Patent related to the patentability of claims 1 and 13, as amended, and claims 2-12 and 14-22 dependent on amended claims.  Fani admits that the attached Registration Certificate appears to include claims 23-40.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Amended Complaint, and therefore denies the same.

27.     Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Amended Complaint, and therefore denies the same.

28.     Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Amended Complaint, and therefore denies the same.

29.     Fani admits that the cover page of U.S. Patent No. 6,350,066 ("'066 patent") states that its issuance date was February 26, 2002 and that its title is "SYSTEMS AND METHODS FOR STORING, DELIVERING AND MANAGING MESSAGES." Fani further admits that Charles R. Bobo, II, is identified as the inventor on the cover page of the '066 patent. Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the Amended Complaint, and therefore denies the same.

30.     Fani admits that Exhibit 4 appears to be a copy of Registration Certificate for the '066 patent related to the patentability of claims 1-35 and appearing to include claims 36-57.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 of the Amended Complaint, and

therefore denies the same.

31.    Fani admits that the cover page of U.S. Patent No. 8,310,699 ("'699 patent") states that its issuance date was November 13, 2012 and that its title is "SYSTEM AND METHOD FOR MEASURING A FAX CONVERTED INTO ELECTRONIC FORMAT." Fani further admits that Tom Mulligan and Nicola Fawle are identified as the inventors on the cover page of the '699 patent.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 of the Amended Complaint, and therefore denies the same.

32.    Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Amended Complaint, and therefore denies the same.

33.    Fani admits that the cover page of U.S. Patent No. 8,675,220 ("'220 patent") states that its issuance date was March 18, 2014 and that its title is "INTERNET FAX MESSAGE SEARCHING AND FAX CONTENT DELIVERY USING KEYWORD DETECTION." Fani further admits that Mark Edward Meyers and Matthew Curtis Mabry are identified as the inventors on the cover page of the '220 patent.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 of the Amended Complaint, and therefore denies the same.

34.    Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Amended Complaint, and therefore denies the same.

35.    Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Amended Complaint, and therefore denies the same.

36.    Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Amended Complaint, and therefore denies the same.

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

37.    Fani admits that Exhibit 7 appears to be a copy of registration for the mark "EFAX" for the goods and services stated therein.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of the Amended Complaint, and therefore denies the same.

38.    Fani admits that Exhibit 8 appears to be a copy of a registration for the mark "E-FAX" for the goods and services stated therein.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 of the Amended Complaint, and therefore denies the same.

39.    Fani admits that Exhibit 9 appears to be a copy of a registration for the mark "EFAX" for the goods and services stated therein.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 of the Amended Complaint, and therefore denies the same.

40.    Fani admits that Exhibit 10 appears to be a copy of a registration for the mark "E-FAX" for the goods and services stated therein.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the Amended Complaint, and therefore denies the same.

41.    Fani admits that Exhibits 11-14 appear to be copy of registrations for the marks "EFAX PLUS", "EFAX CORPORATE", "EFAX MESSENGER", and "EFAX FREE", respectively.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 of the Amended Complaint, and therefore denies the same.

42.    Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Amended Complaint, and therefore denies the same.

43.    Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Amended Complaint, and therefore denies the same.

44.    Fani lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 44 of the Amended Complaint, and therefore denies the same.

45.     Fani admits the allegations of Paragraph 45, except Fani denies that j2 and AMT sued "Fax87".

46.     Fani admits that in April 2012, Fani and MJF entered into a Settlement Agreement with Plaintiffs to resolve the litigation.  Fani admits that MJF is identified as "Matt Johnson Finance, Inc. d/b/a/ Fax87.com" in the Settlement Agreement.  Fani admits that he signed the Settlement Agreement in his individual capacity and as the CEO of MJF.  Fani admits that Exhibit 15 is a true and correct copy of the Settlement Agreement.  Fani denies the remaining allegations of Paragraph 46.

47.     Fani admits that as part of the settlement, Plaintiffs entered into a patent license agreement with MJF.  Fani denies any of Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement, including that Fani was personally obligated to perform under the License Agreement.  Fani avers that J2 and AMT attempted to negotiate a requirement that Fani execute the License Agreement personally, but that the parties did not agree to any such requirement.  J2's attempt to claim alter-ego here is an end run around the fact that J2 specifically gave up any right to have Fani personally obligated by the License Agreement.  Moreover, nothing in the License Agreement restrained Fani's future actions, including owning and/or operating any electronic fax business.

48.     Fani admits that Paragraph 48 partially recites the language of Section 3.2 of the Settlement Agreement, and denies any of Plaintiffs' characterizations of the obligations of the parties that are inconsistent with language of the Settlement Agreement.

49.     Fani states that the allegations of Paragraph 49 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits MJF received a license to Plaintiffs' patents, including the '638 patent and non-asserted '066 patent pursuant to the terms of the License Agreement, but denies any of

Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement.

50.     Fani states that the allegations of Paragraph 50 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Paragraph 50 partially recites the language of Section 3.1 of the License Agreement, but denies any of Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement.

51.     Fani states that the allegations of Paragraph 51 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Paragraph 51 recites the language of Section 1 of the License Agreement, but denies any of Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement.

52.     Fani states that the allegations of Paragraph 52 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Paragraph 52 partially recites the language of Section 3.3 of the License Agreement, but denies any of Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement.

53.     Fani states that the allegations of Paragraph 53 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Paragraph 53 partially recites the language of Section 3.4 of the License Agreement, but denies any of Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement.

54.     Fani states that the allegations of Paragraph 54 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Paragraph 54 partially recites the language of Section 2 of the License Agreement, but denies any of Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement.

55.     Fani states that the allegations of Paragraph 55 are not directed to him and

therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Paragraph 55 partially recites the language of Section 7.4 of the License Agreement, but denies any of Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement.

56.     Fani states that the allegations of Paragraph 56 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Paragraph 56 partially recites the language of Section 8.1 of the License Agreement, but denies any of Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement.  Fani specifically denies that there was a "change of control" which required notice, that MJF transferred or assigned its rights in the License, or that the terms of the License continued to apply to MyPhoneFax.com, LLC.

57.     Fani states that the allegations of Paragraph 57 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Paragraph 57 partially recites the language of Section 10.2 of the License Agreement, but denies any of Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement.

58.     Fani states that the allegations of Paragraph 58 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Paragraph 58 partially recites the language of Section 10.8 of the License Agreement, but denies any of Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement.

59.     Fani states that the allegations of Paragraph 59 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Paragraph 59 partially recites the language of Section 9 of the License Agreement, but denies any of Plaintiffs' characterizations of MJF's obligations that are inconsistent with language of the License Agreement.

60.     Fani admits to the allegations of Paragraph 60.

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

61.    Fani denies that on or about July 31, 2012, he sent a royalty report to Plaintiffs on behalf of himself.  Fani admits that on or about July 31, 2012, MJF sent a royalty report to Plaintiffs.  Fani admits that for May 2012, MJF reported 19,311 Fax Customers and $134,738.08 in Aggregate Revenues.  Fani admits that MJF reported royalties and payment of $28,966.50 for 2012Q2.  Fani denies the remaining allegations of Paragraph 61.

62.    Fani denies that on or about November 1, 2012, he sent a royalty report to Plaintiffs on behalf of himself.  Fani admits that on or about November 1, 2012, MJF sent a royalty report to Plaintiffs.  Fani admits that for July 2012, MJF reported 17,176 Fax Customers and $103,074.09 in Aggregate Revenues.  Fani admits that for August 2012, MJF reported 17,176 Fax Customers and $90,597.09 in Aggregate Revenues. Fani admits that for September 2012, MJF reported 17,176 Fax Customers and $92,017.23 in Aggregate Revenues.  Fani admits that MJF reported royalties and payment of $38,646.50 for 2012Q3.  Fani denies the remaining allegations of Paragraph 62.

63.    Fani denies that on or about January 29, 2013, he sent a royalty report to Plaintiffs on behalf of himself.  Fani admits that on or about January 29, 2013, MJF sent a royalty report to Plaintiffs.  Fani admits that for October 2012, MJF reported 17,998 Fax Customers and $111,248.21 in Aggregate Revenues.  Fani admits that for November 2012, MJF reported 17,998 Fax Customers and $141,988.89 in Aggregate Revenues.  Fani admits that for December 2012, MJF reported 17,998 Fax Customers and $138,851.12 in Aggregate Revenues.  Fani admits that MJF reported royalties and payment of $40,495.50 for 2012Q4.  Fani denies the remaining allegations of Paragraph 63.

64.    Fani states that the allegations of Paragraph 64 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that MyPhoneFax.com, LLC, a Cook Island limited liability company, offers Internet fax services through fax87.com.

65.     Fani denies that he had any obligation to make any royalty payments to Plaintiffs.  Fani states that the allegations of Paragraph 65 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies that MJF had any obligation to make royalty payments to Plaintiffs for the period following the sale of MJF's assets on December 31, 2012.  Fani avers that MJF did not undergo a "change of control" and did not transfer its rights in the License to MyPhoneFax.com, LLC.

66.     Fani admits the allegations of Paragraph 66.

67.     Fani denies that any payment or reports were due to Plaintiffs from MJF in April 2013, but admits that J2 took the position that payment was late.

68.     Fani admits that MJF sent a letter to Plaintiffs on or about May 7, 2013, but denies that MJF operated the fax87.com website at that time.  The fax87.com website was sold to MyPhoneFax.com, LLC on or about December 31, 2012 pursuant to an Agreement of Purchase And Sale of Assets between MJF and MyPhoneFax.com LLC.

69.     Fani admits that j2 contacted him on or about May 21, 2013, but denies that any royalty report or payment from MJF was due or overdue.

70.     Fani admits that on or about May 21, 2013, MJF advised Plaintiffs that it had sold its assets on December 31, 2012.  Fani denies that MJF had any obligation to disclose the identity of the buyer or provide any information or documentation regarding the sale under the terms of the License Agreement.

71.     Fani admits that he executed a declaration filed in December 2013, with the quoted language which is true and accurate as MJF sold its assets on December 31, 2012, pursuant to an Agreement of Purchase And Sale of Assets between MJF and MyPhoneFax.com LLC.  Fani denies that he had any obligation to give notice of the transaction, to disclose the identity of the buyer, or provide any information or documentation regarding the date of the sale.

72.     Fani denies that he has any obligation to make royalty payments to

Plaintiffs as suggested by Paragraph 72.  Fani states that the allegations of Paragraph 72 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies that MJF had any obligation to make royalty payments, submit royalty reports or pay late fees as suggested by Paragraph 72.

73.     Fani denies the allegations of Paragraph 73 directed to him.  Fani states that the allegations of Paragraph 73 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies that the License Agreement prohibited a sale of assets or required notification of a sale of assets.

74.     Fani states that the allegations of Paragraph 74 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies that any royalty payments are owed as suggested by Paragraph 74 as there was no transfer of the License Agreement to MyPhoneFax.com LLC.

75.     Fani denies there is any obligation under the License Agreement to mark the fax87.com website, user manuals and associated materials with j2's licensed patent numbers, after MyPhoneFax.com LLC acquired the website, and denies any breach of the License Agreement.

76.     Fani admits the allegations of Paragraph 76, except that the audit provision is at paragraph 3.4 not 10.6.

77.     Fani denies that he had any obligation under the License Agreement to respond to the request for audit sent on or about September 17, 2015.  Fani states that the allegations of Paragraph 77 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies that any failure to respond by others constituted a breach of the License Agreement.

78.     Paragraph 78 contains legal conclusions to which no response is required. To the extent any response is required, Fani denies the allegations of Paragraph 78 directed to him.

79.     Fani lacks information and belief concerning when Plaintiffs sent their

notice, but admits that his counsel received such a notice as alleged in Paragraph 79.

80.     Paragraph 80 contains legal conclusions to which no response is required. To the extent any response is required, Fani denies the allegations of Paragraph 80 directed to him, including that he breached the License Agreement or Settlement Agreement.

81.     Paragraph 81 contains legal conclusions to which no response is required. To the extent any response is required, Fani denies the allegations of Paragraph 81 directed to him, including specifically that the listed websites are "alter-egos" of him or MJF or Fax.87. The listed websites, except eFax4less.com, are owned and operated by MyPhoneFax.com LLC, a Cook Island Company.

82.     Paragraph 82 contains legal conclusions to which no response is required. To the extent any response is required, Fani denies the allegations of Paragraph 82 directed to him.

83.     Paragraph 83 contains legal conclusions to which no response is required. To the extent any response is required, Fani avers that j2 and AMT understood and acknowledged that MJF did business through fax87.com and accordingly the License Agreement identifies "Matt Johnson Finance, Inc. d/b/a Fax87.com".  j2 now attempts to recharcterize it as a defendant actor.  Fani denies the remaining allegations of Paragraph 83.

84.     Paragraph 84 contains legal conclusions to which no response is required. To the extent any response is required, Fani denies the allegations of Paragraph 84.

85.     Fani admits that he uses the name "Matt Johnson."  Fani denies any suggestion that his use of the name "Matt Johnson", an Americanized name, is wrongful or improper.  Many immigrants adopt different names in order to fit more easily into their new country's culture.

86.     Paragraph 86 contains legal conclusions to which no response is required. To the extent any response is required, Fani avers that like j2 and AMT, MyPhoneFax.com, LLC, a Cook Island limited liability company, uses various

15

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

websites to run its operations and denies any suggestion that to do so constitutes improper "shuffling" of operations.  Fani denies the remaining allegations of Paragraph 86.

87.     Fani admits that "Listing Moves" was a "doing business as" name for Sevo.  Fani admits that Sevo was incorporated as a Nevada corporation, and that Fani was the President, Treasurer and Secretary of Sevo.  Fani denies the remaining allegations of Paragraph 87.

88.     Fani denies the allegations of Paragraph 88. The domain fax87.com was purchased by Matt Johnson Finance, Inc. on or about April 27, 2010 and was never transferred to Fani.

89.     Fani admits that the License Agreement and Settlement Agreement state "Matt Johnson Finance, Inc. d/b/a 'Fax87.com'". Fani denies the remaining allegations of Paragraph 89.

90.     Paragraph 90 contains legal conclusions to which no response is required. To the extent any response is required, Fani denies the allegations of Paragraph 90.

91.     Fani states that the allegations of Paragraph 91 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the same.

92.     Fani states that the allegations of Paragraph 92 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the same.

93.     Fani states that the allegations of Paragraph 93 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the same.

94.     Fani states that the allegations of Paragraph 94 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that MJF did not issue corporate stock.

95.     Fani admits that he was the sole board member and director of MJF.  Fani

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING
SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

states that the allegations of Paragraph 95 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that MJF had no employees, but denies MJF was required to have meetings of shareholders, officers and/or directors.

96.    Fani states that the allegations of Paragraph 96 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the same and denies that audited financial statements were required.

97.    Fani avers that the use of the term "vice versa" renders this allegation unintelligible.  To the extent plaintiffs intend to allege that Fani did not use the MJF office for business, Fani denies said allegations of Paragraph 97.  Any use of the MJF office for personal tasks was immaterial.

98.    Fani denies the allegations of Paragraph 98; the financial records of MJF show that financial segregation and categorization was handled with reasonable care.

99.    Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, Fani denies the allegations of Paragraph 99.

100.   Fani denies the allegations of Paragraph 100.

101.   Fani admits that MJF is an inactive corporation and that it did not file an annual list of officers/license renewal.  Fani denies the remaining allegations of Paragraph 101, including that he had any obligation to continue the operations of MJF.

102.   Fani denies the allegations of Paragraph 102.  Fani avers that the fax87.com is owned and operated by MyPhoneFax.com LLC.

103.   Fani admits he has dined with representatives of FaxCore, but denies that Steven Thong is pictured in the attached photograph.

104.   Fani denies the allegations of Paragraph 104.

105.   Fani denies the allegations of Paragraph 105.

106.   Fani admits that he purchased an automobile in Kirkland, Washington. Fani denies the remaining allegations of Paragraph 106.

107.   Paragraph 107 contains legal conclusions to which no response is

required.  To the extent any response is required, Fani denies the allegations of Paragraph 107.

108.   Paragraph 108 contains legal conclusions to which no response is required.  To the extent any response is required, Fani denies the allegations of Paragraph 108.

109.   Fani states that the allegations of Paragraph 109 are not directed to him and therefore he makes no answer thereto.  Fani further lacks information and belief as to what is meant by the term "principal" and on that basis, denies the allegation of Paragraph 109.

110.   Fani states that the allegations of Paragraph 110 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that One Voix provides customer service for MyPhoneFax.com LLC but denies the remaining allegations in Paragraph 110.

111.   Fani states that the allegations of Paragraph 111 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, on information and belief, Fani denies the allegations of Paragraph 111.

112.   Fani states that the allegations of Paragraph 112 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, on information and belief, Fani denies the allegations of Paragraph 112.

113.   Fani states that the allegations of Paragraph 113 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, on information and belief, Fani denies the allegations of Paragraph 113.

114.   Fani states that the allegations of Paragraph 114 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, on information and belief, Fani denies the allegations of Paragraph 114.

115.   Fani states that the allegations of Paragraph 115 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 115 of the Amended Complaint, and therefore denies the same.

116.   Fani states that the allegations of Paragraph 116 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the Amended Complaint, and therefore denies the same.

117.   Fani states that the allegations of Paragraph 117 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 of the Amended Complaint, and therefore denies the same.

118.   Fani states that the allegations of Paragraph 118 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the Amended Complaint, and therefore denies the same.

119.   Fani states that the allegations of Paragraph 119 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the Amended Complaint, and therefore denies the same.

120.   Fani denies that he was located in the "Greater Seattle Area" at the outset of this this litigation.  Fani states that the allegations of Paragraph 120 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of the Amended Complaint, and therefore denies the same.

121.   Fani admits that he uses the name Matt Johnson. Fani admits that he was previously the owner of Tekram Technology.  Fani denies the remaining allegations of Paragraph 121.

122.   Fani denies that Teckram Technology is an alias for Sevo d/b/a Listing Moves.  Fani states that the allegations of Paragraph 122 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of the Amended Complaint, and therefore denies the same.

123.   Fani states that the allegations of Paragraph 123 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of the Amended Complaint, and therefore denies the same.

124.   Fani admits the allegations of Paragraph 124.

125.   Fani states that the allegations of Paragraph 125 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Thong provides third party services to MyPhoneFax.con LLC.

126.   Fani states that the allegations of Paragraph 126 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 of the Amended Complaint, and therefore denies the same.

127.   Fani states that the allegations of Paragraph 127 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 of the Amended Complaint, and therefore denies the same.

128.   Fani states that the allegations of Paragraph 128 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 of the Amended Complaint, and therefore denies the same.

129.   Fani states that the allegations of Paragraph 129 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 of the Amended Complaint, and therefore denies the same.

130.   Fani states that the allegations of Paragraph 130 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the allegations of Paragraph 130.

131.   Fani states that the allegations of Paragraph 131 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of the Amended Complaint, and therefore denies the same.

132.   Fani states that the allegations of Paragraph 132 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 of the Amended Complaint, and therefore denies the same.

133.   Fani states that the allegations of Paragraph 133 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 of the Amended Complaint, and therefore denies the same.

134.   Fani states that the allegations of Paragraph 134 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 of the Amended Complaint, and therefore denies the same.

135.   Fani states that the allegations of Paragraph 135 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the allegations of paragraph 135.

136.   Fani admits that Elnaz Fani is his sister.  Fani states that the allegations of Paragraph 136 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the remaining allegations of Paragraph 136.

137.   Fani states that the allegations of Paragraph 137 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that MyPhone Fax.com LLC, a Cook Island limited liability company owns various websites but denies that they are "alter-egos" of each other or of MyPhoneFax.com LLC or Fani.  Fani denies the remaining allegations of Paragraph 137.

138.   Fani states that the allegations of Paragraph 138 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that MJF owned fax87.com and sold that website to MyPhoneFax.com, LLC, a Cook Island limited liability company, in or around December 31, 2012, pursuant to an Agreement of Purchase And Sale of Assets between MJF and MyPhoneFax.com, LLC. Fani further admits, that like many businesses, MyPhoneFax.com, LLC does not make its website registrations public.  Fani admits the publicly-available registrant information but otherwise denies the remaining allegations of Paragraph 138.

139.   Fani states that the allegations of Paragraph 139 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

1   admits that OnelineFaxes.com is owned and operated by MyPhoneFax.com LLC, a

2   Cook Island limited liability company. Fani admits the publicly-available registrant

3   information but denies the remaining allegations of paragraph 139.

4       140.   Fani states that the allegations of Paragraph 140 are not directed to him

5   and therefore he makes no answer thereto. To the extent any answer is required, Fani

6   admits that solidfax.com is owned and operated by MyPhoneFax.com LLC, a Cook

7   Island limited liability company.   MyPhoneFax.com LLC also owns and operates

8   fax87.com and OnelineFaxes.com.  MyPhoneFax.com LLC admits that, like j2 and

9   AMT who have multiple websites, it uses some of the same resources to operate its

10  various websites. Fani admits the publicly-available registrant information but denies

11  the remaining allegations of Paragraph 140 of the Amended Complaint.

12      141.   Fani states that the allegations of Paragraph 141 are not directed to him

13  and therefore he makes no answer thereto. To the extent any answer is required, Fani

14  admits that FaxVision.com is owned and operated by MyPhoneFax.com LLC, a Cook

15  Island limited liability company.   MyPhoneFax.com LLC also owns and operates

16  fax87.com, OnelineFaxes.com and solidfax.com.  MyPhoneFax.com LLC admits that,

17  like j2 and AMT who have multiple websites, it uses some of the same resources to

18  operate its various websites.  Fani admits the publicly-available registrant information

19  but denies the remaining allegations of Paragraph 141 of the Amended Complaint.

20      142.   Fani states that the allegations of Paragraph 142 are not directed to him

21  and therefore he makes no answer thereto. To the extent any answer is required, Fani

22  denies the allegations of Paragraph 142.

23      143.   Fani states that the allegations of Paragraph 143 are not directed to him

24  and therefore he makes no answer thereto. To the extent any answer is required, Fani

25  admits that myphonefax.com is owned and operated by MyPhoneFax.com LLC, a

26  Cook Island limited liability company.   MyPhoneFax.com LLC also owns and

27  operates fax87.com, Oneline Faxes.com, solidfax.com and faxvision.com.

28  MyPhoneFax.com LLC admits that, like j2 and AMT who have multiple websites, it

uses some of the same resources to operate its various websites.  Fani admits the publicly-available registrant information but denies the remaining allegations of Paragraph 143.

144.   Fani states that the allegations of Paragraph 144 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that resellfax.com is owned and operated by MyPhoneFax.com LLC, a Cook Island limited liability company.   MyPhoneFax.com LLC also owns and operates fax87.com, OnelineFaxes.com, solidfax.com and faxvision.com.  MyPhoneFax.com LLC admits that, like j2 and AMT who have multiple websites, it uses some of the same resources to operate its various websites, but denies that Resellfax was providing the same services. Resellfax.com provided an onlinefaxes portal for resellers, which is different than the services provided in other MyPhoneFax.com LLC's websites.  Fani further avers that resellfax.com never became popular and is largely in disuse.  Fani admits the publicly-available registrant information but denies the remaining allegations of Paragraph 143

145.   Fani states that the allegations of Paragraph 145 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that the wiredfax.com, faxeightyseven.com, fax87.net, enterprise.fax87.com and phonefax.com websites all route a user directly to fax87.com.

146.   Fani states that the allegations of Paragraph 146 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits the allegations of Paragraph 146.

147.   To the extent directed to him Fani, denies the allegations of Paragraph 147.

148.   To the extent directed to him, Fani denies the allegations of Paragraph 148.

149.   To the extent directed to him, Fani denies the allegations of Paragraph 149.

150.   Fani states that the allegations of Paragraph 150 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the allegations of Paragraph 150.

151.   To the extent directed to him, Fani denies the allegations of Paragraph 151 to the extent that they suggest that Defendants have an obligation to provide royalty reports from MyPhoneFax.com, LLC's operations.

152.   Paragraph 152 contains legal conclusions to which no response is required. To the extent a response is required of Fani, he denies the allegations of Paragraph 152.

153.   Paragraph 153 contains legal conclusions to which no response is required, or otherwise is not directed to Fani.  To the extent a response is required of Fani, he admits that, while at one time resellfax.com displayed the described-icon, it no longer does and the website is basically dormant as it failed to gain any customer base. Fani denies the remaining allegations of Paragraph 153.

154.   Fani states that the allegations of Paragraph 154 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that resellfax.com described its services as outlined but avers that the website is basically dormant as it failed to gain any customer base.  Fani denies the remaining allegations of Paragraph 154.

155.   Fani states that the allegations of Paragraph 155 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that resellfax.com described its services as outlined but avers that the website is basically dormant as it failed to gain any customer base.  Fani denies the remaining allegations of Paragraph 155.

156.   Fani states that the allegations of Paragraph 156 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that solidfax.com had such a redirect but that the resell.com website is basically dormant as it failed to gain any customer base. Fani denies the allegations of Paragraph

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

156.

157.   Fani states that the allegations of Paragraph 157 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that onlinefaxes.com had such a redirect but that the resell.com website is basically dormant as it failed to gain any customer base.

158.   To the extent directed to him, Fani denies the allegations of Paragraph 158.

159.   Paragraph 159 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 159.

160.   Paragraph 160 contains legal conclusions to which no response is required.

161.   Paragraph 161 contains legal conclusions to which no response is required. To the extent directed to him, Fani avers that any claims against MJF were released by the Settlement Agreement and License Agreement with the payment of the License Fee described in Section 3.1(i) and therefore any alleged infringement before the Effective Date of the Settlement Agreement is irrelevant and inadmissible.  Fani denies the allegations of Paragraph 161, including specifically the allegation that MyPhoneFax.com, LLC, a Cook Island limited liability company is infringing Plaintiffs' patents.

162.   Fani states that the allegations of Paragraph 162 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits the allegations of Paragraph 162, but denies any infringement of Plaintiffs' claimed patents.

163.   Fani states that the allegations of Paragraph 162 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the allegations of Paragraph 163.

164.   Fani states that the allegations of Paragraph 164 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required,

Fani admits that one of the features offered by MyPhoneFax.com LLC includes email storage of faxes but denies the remaining allegations of Paragraph 164.

165.   Paragraph 165 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 165.

166.   Paragraph 166 contains legal conclusions to which no response is required.

167.   Paragraph 167 contains legal conclusions to which no response is required.  To the extent a response is required, Fani avers that the '699 patent was not granted until November 13, 2012. Moreover, any claims against MJF were released by the Settlement Agreement and License Agreement with the payment of the License Fee described in Section 3.1(i) and therefore any alleged infringement before the Effective Date of the Settlement Agreement is irrelevant and inadmissible.  Fani denies the allegations of Paragraph 161, including the allegation that MyPhoneFax.com, LLC, a Cook Island limited liability company is infringing Plaintiffs' patents.

168.   To the extent directed to him, Fani denies the allegations of Paragraph 168.  Fani states that the allegations of Paragraph 168 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits MyPhoneFax.com, LLC provides a feature that determines page counts but otherwise denies the remaining allegations of Paragraph 168.

169.   To the extent directed to him, Fani denies the allegations of Paragraph 169.  Fani states that the allegations of Paragraph 169 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the remaining allegations of Paragraph 169.

170.   To the extent directed to him, Fani denies the allegations of Paragraph 170.  Fani states that the allegations of Paragraph 170 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, admits that one of the features offered by MyPhoneFax.com LLC includes email storage of faxes but denies the remaining allegations of Paragraph 170.

171.   To the extent directed to him, Fani denies the allegations of Paragraph 171.  Fani states that the allegations of Paragraph 171 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the remaining allegations of Paragraph 171.

172.   Paragraph 172 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 172.

173.   Paragraph 173 contains legal conclusions to which no response is required.

174.   Paragraph 174 contains legal conclusions to which no response is required. To the extent directed to him, Fani denies the allegations of Paragraph 174.

175.   To the extent directed to him, Fani denies the allegations of Paragraph 175.  Fani states that the allegations of Paragraph 175 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that MyPhoneFax.com, LLC provides non-infringing Internet fax services via computers, smartphones and other mobile devices.

176.   To the extent directed to him, Fani denies the allegations of Paragraph 176.  Fani states that the allegations of Paragraph 176 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that MyPhoneFax.com, LLC provides non-infringing Internet fax services via computers, smartphones and other mobile devices and that faxes are received, identified, and stored, but there is no OCR processing done which would provide the search keyword feature to the end user.   Fani denies the remaining allegations of Paragraph 176.

177.   Paragraph 177 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 177. Fani states that the allegations of Paragraph 177 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the remaining allegations of Paragraph 177.

## COUNT 1

178.   Fani re-alleges and reincorporates his answers to Paragraphs 1-177 of the Amended Complaint as if fully set forth herein.

179.   Fani states that the allegations of Paragraph 179 are not directed to him, and contains legal conclusions to which no response is required and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that Plaintiffs and MJF were parties to the License Agreement.

180.   Paragraph 180 contains legal conclusions to which no response is required.  To the extent directed to him, Fani admits that he and Plaintiffs are party to the Settlement Agreement.

181.   Fani denies the allegations of Paragraph 181.

182.   Fani denies the allegations of Paragraph 182.

183.   Paragraph 183 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 183.

184.   Paragraph 184 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 184.

185.   Paragraph 185 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 185.

186.   Paragraph 186 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 186.

187.   Paragraph 187 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 187.

188.   Paragraph 188 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 188.

189.   Paragraph 189 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 189.

190.   Paragraph 190 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 190.

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

191.   Paragraph 191 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 191.

192.   Paragraph 192 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 192.

193.   Paragraph 193 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 193.

194.   Paragraph 194 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 194.

195.   Paragraph 195 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 195.

196.   Paragraph 196 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 196.

197.   Paragraph 197 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 197.

198.   Paragraph 198 contains legal conclusions to which no response is required.  To the extent any response is required, Fani denies the allegations of Paragraph 198.

199.   Paragraph 199 contains legal conclusions to which no response is required.  Fani states that the allegations of Paragraph 199 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 199.

## **COUNT 2**

200.   Fani re-alleges and reincorporates his answers to Paragraphs 1-199 of the Amended Complaint as if fully set forth herein.

201.   Fani states that the allegations of Paragraph 201 are not directed to him, and contains legal conclusions to which no response is required and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that Plaintiffs and MJF were parties to the License Agreement, but denies

"Fax87" was a party.  The License Agreement identifies "Matt Johnson Finance, Inc.
d/b/a Fax87.com".

202.   Paragraph 202 contains legal conclusions to which no response is
required.  To the extent directed to him, Fani admits that he and Plaintiffs are party to
the Settlement Agreement, but denies the remaining allegations of Paragraph 202
directed to him.  Fani states that the allegations of Paragraph 202 are not otherwise
directed to him and therefore he makes no answer thereto.  To the extent any answer is
required, Fani admits that Plaintiffs and MJF were parties to the Settlement
Agreement.

203.   Fani denies the allegations of Paragraph 203.

204.   Fani denies the allegations of Paragraph 204.

205.   Fani lacks knowledge or information sufficient to form a belief as to the
truth of the allegations of Paragraph 205 of the Amended Complaint, and therefore
denies the same.

206.   Fani lacks knowledge or information sufficient to form a belief as to the
truth of the remaining allegations of Paragraph 206 of the Amended Complaint, and
therefore denies the same.

207.   Fani lacks knowledge or information sufficient to form a belief as to the
truth of the remaining allegations of Paragraph 207 of the Amended Complaint, and
therefore denies the same.

208.   Fani lacks knowledge or information sufficient to form a belief as to the
truth of the remaining allegations of Paragraph 208 of the Amended Complaint, and
therefore denies the same.

209.   Paragraph 209 contains legal conclusions to which no response is
required.  To the extent directed to him, Fani denies the allegations of Paragraph 209.

210.   Paragraph 210 contains legal conclusions to which no response is
required.  To the extent directed to him, Fani denies the allegations of Paragraph 210.

211.   Fani denies the allegations of Paragraph 211.

212.   To the extent directed to him, Fani denies the allegations of Paragraph 212.

213.   Fani denies the allegations of Paragraph 213.

214.   Fani denies the allegations of Paragraph 214.

215.   Fani denies the allegations of Paragraph 215.

216.   Paragraph 216 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 216.

217.   Paragraph 217 contains legal conclusions to which no response is required.  To the extent directed to him, Fani denies the allegations of Paragraph 217.

218.   Paragraph 218 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 218.

219.   Paragraph 219 contains legal conclusions to which no response is required.  Fani states that the allegations of Paragraph 219 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 219.

## **COUNT 3**

220.   Fani re-alleges and reincorporates his answers to Paragraphs 1-219 of the Amended Complaint as if fully set forth herein.

221.   Fani admits that on or about April 10, 2012, he promised to perform his obligations and abide by the terms of the Settlement Agreement.  Fani denies the remaining allegations of Paragraph 221 directed to him.

222.   Fani denies the allegations of Paragraph 222 with respect to the alleged promises recited therein.  Fani states that the allegations of Paragraph 222 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that MJF's obligations under the License Agreement continued only for as long as it utilized the licensed patents, and denies the remaining allegations of Paragraph 222.

223.   Fani lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 223 of the Amended Complaint, and therefore denies the same.

224.   Fani denies the allegations of Paragraph 224.  Fani states that the allegations of Paragraph 224 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 224.

225.   Fani denies the allegations of Paragraph 225.  Fani states that the allegations of Paragraph 225 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 225.

226.   Fani denies the allegations of Paragraph 226.  Fani states that the allegations of Paragraph 226 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 226.

227.   Fani denies the allegations of Paragraph 227.

228.   Paragraph 228 contains legal conclusions to which no response is required.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 228 of the Amended Complaint, and therefore denies the same.  Fani states that the allegations of Paragraph 228 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 228.

229.   Paragraph 229 contains legal conclusions to which no response is required.  Fani admits that the Settlement Agreement granted certain releases to Fani and MJF.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 229 of the Amended Complaint, and therefore denies the same.

230.   Paragraph 230 contains legal conclusions to which no response is required.  Fani admits that the earlier litigation was dismissed.  Fani lacks knowledge

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 230 of the Amended Complaint, and therefore denies the same.

231.   Fani states that the allegations of Paragraph 231 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that MJF was granted a License and released from any alleged prior infringement.  Fani lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 231 of the Amended Complaint, and therefore denies the same.

232.   Fani denies the allegations of Paragraph 232 direct to him.

233.   Paragraph 233 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 233 directed to him.

234.   Paragraph 234 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 234 directed to him.

235.   Paragraph 235 contains legal conclusions to which no response is required. Fani denies that he made any false promises or that any alleged promise was substantial factor in causing harm.

236.   Paragraph 236 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 236.

237.   Paragraph 237 contains legal conclusions to which no response is required. Fani states that the allegations of Paragraph 237 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

238.   Paragraph 238 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 238 directed to him. Fani states that the allegations of Paragraph 238 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

239.   Paragraph 239 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 239 directed to him.  Fani states that

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

the allegations of Paragraph 239 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

240.   Fani denies the allegations of Paragraph 240 directed to him.  Fani states that the allegations of Paragraph 240 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

241.   Paragraph 241 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 241 directed to him.  Fani states that the allegations of Paragraph 241 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani avers that nothing in the Settlement Agreement or License Agreement prohibited Fani or any affiliated person or entity from operating competing businesses that do not violate plaintiffs' claimed patents or implicate the license agreement. Fani denies the remaining allegations of paragraph 241.

242.   Paragraph 242 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 242 directed to him.  Fani states that the allegations of Paragraph 242 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani avers that nothing in the Settlement Agreement or License Agreement prohibited Fani or any affiliated person or entity from operating competing businesses that do not violate plaintiffs' claimed patents or implicate the license agreement. Fani denies the remaining allegations of paragraph 242.

243.   Paragraph 243 contains legal conclusions to which no response is required.  To the extent an answer is required, Fani denies the allegations of Paragraph 243.

244.   Paragraph 244 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 244 directed to him.  Fani states that the allegations of Paragraph 244 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

## COUNT 4

245.   Fani re-alleges and reincorporates his answers to Paragraphs 1-244 of the Amended Complaint as if fully set forth herein.

246.   Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 246 of the Amended Complaint, and therefore denies the same.  Fani further avers, as set forth herein, Plaintiffs' claimed patent ownership is being contested.

247.   Paragraph 247 contains legal conclusions to which no response is required.  Fani states that the allegations of Paragraph 247 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

248.   Paragraph 248 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 248 directed to him.  Fani states that the allegations of Paragraph 248 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

249.   Fani denies the allegations of Paragraph 249 directed to him. Fani states that the allegations of Paragraph 249 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

250.   Fani denies the allegations of Paragraph 250.  Fani states that the allegations of Paragraph 250 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

251.   Fani states that the allegations of Paragraph 251 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

252.   Fani states that the allegations of Paragraph 252 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

253.   Fani states that the allegations of Paragraph 253 are not directed to him

and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that the fax87. com lists the number (866) 698-4068 for sales and support; that the onlinefaxes.com website lists the number (888) 201-4170 as the number for sales and support; denies that the solidfax.com website provides a number for sales and support; admits that the fax87.com and onlinefaxes.com numbers direct callers to the One Voix call center; and denies the remaining allegations of Paragraph 253.

254.   Fani states that the allegations of Paragraph 254 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that the fax87. com and onlinefaxes.com websites have links for "Live Chat"; denies that the solidfax.com website has a link for "Live Chat"; admits that One Voix provides live chat services; and denies the remaining allegations of Paragraph 254.

255.   Fani denies the allegations of Paragraph 255 directed to him.  Fani states that the allegations of Paragraph 255 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits there is a re-direct to the fax87.com website but denies the remaining allegations of Paragraph 255.

256.   Fani states that the allegations of Paragraph 256 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, upon information and belief, Fani denies the allegations of Paragraph 256.

257.   Fani states that the allegations of Paragraph 257 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 257.

258.   Fani states that the allegations of Paragraph 258 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 258.

259.   Paragraph 259 contains legal conclusions to which no response is required, or are otherwise not directed to Fani and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of

Paragraph 259.

260.   Fani admits that he had knowledge of the '638 Patent prior to this lawsuit. Fani denies that he has acted intentionally or recklessly, or that he has infringed any claim of the '638 Patent. Fani states that the allegations of Paragraph 260 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the remaining allegations of Paragraph 260.

261.   Fani admits that he had knowledge of the '638 Patent prior to this lawsuit. Fani states that the allegations of Paragraph 261 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the remaining allegations of Paragraph 261.

262.   Fani states that the allegations of Paragraph 262 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Elnaz Fani is his sister but denies the remaining allegations of Paragraph 262.

263.   Fani states that the allegations of Paragraph 263 are not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the allegations of Paragraph 263.

264.   Fani denies the allegations of Paragraph 264 directed to him. Fani states that the allegations of Paragraph 264 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani admits that Ms. Yardan and Mr. Thong provide support to MyPhoneFax.com, LLC, a Cook Island limited liability company and that he knows them through this association, but denies the remaining allegations of Paragraph 264.

265.   Fani denies the allegations of Paragraph 265 directed to him. Fani states that the allegations of Paragraph 265 are otherwise not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani denies the remaining allegations of Paragraph 265.

266.   Fani denies the allegations of Paragraph 266 directed to him. Fani states

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

that the allegations of Paragraph 266 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the remaining allegations of Paragraph 266.

267.   Paragraph 267 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 267.

268.   Paragraph 267 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 268.

269.   Paragraph 267 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 269.

## **COUNT 5**

270.   Fani re-alleges and reincorporates his answers to Paragraphs 1-269 of the Amended Complaint as if fully set forth herein.

271.   Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 271 of the Amended Complaint, and therefore denies the same.

272.   Paragraph 272 contains legal conclusions to which no response is required.  Fani states that the allegations of Paragraph 272 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

273.   Paragraph 273 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 273 directed to him.  Fani states that the allegations of Paragraph 273 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that MyPhoneFax.Com, LLC provides Internet fax products but denies they infringe any of Plaintiffs' asserted patents.

274.   Fani denies the allegations of Paragraph 274 directed to him. Fani states that the allegations of Paragraph 274 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

275.   Fani denies the allegations of Paragraph 275.  Fani states that the allegations of Paragraph 275 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

276.   Fani states that the allegations of Paragraph 276 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

277.   Fani states that the allegations of Paragraph 277 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

278.   Fani states that the allegations of Paragraph 278 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that the fax87. com lists the number (866) 698-4068 for sales and support; that the onlinefaxes.com website lists the number (888) 201-4170 as the number for sales and support; denies that the solidfax.com website provides a number for sales and support; admits that the fax87.com and onlinefaxes.com numbers direct callers to the One Voix call center; and denies the remaining allegations of Paragraph 278.

279.   Fani states that the allegations of Paragraph 279 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that the fax87.com and onlinefaxes.com websites have links for "Live Chat"; denies that the solidfax.com website has a link for "Live Chat"; admits that One Voix provides live chat services; and denies the remaining allegations of Paragraph 279.

280.   Fani states that the allegations of Paragraph 280 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits the re-direct to the fax87.com website but denies the remaining allegations of Paragraph 280.

281.   Fani states that the allegations of Paragraph 281 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 281.

282.   Fani states that the allegations of Paragraph 282 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 282.

283.   Fani states that the allegations of Paragraph 283 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 283.

284.   Fani denies the allegations of Paragraph 284 as directed to him. Fani states that the allegations of Paragraph 284 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 284.

285.   Fani denies the allegations of Paragraph 285 directed to him.  Fani states that the allegations of Paragraph 285 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the remaining allegations of Paragraph 285.

286.   Paragraph 286 contains legal conclusions to which no response is required.   Fani denies the allegations of Paragraph 286 directed to him.  Fani states that the allegations of Paragraph 286 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the remaining allegations of Paragraph 286.

287.   Fani denies the allegations of Paragraph 287 directed to him.  Fani states that the allegations of Paragraph 287 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the remaining allegations of Paragraph 287.

288.   Fani denies the allegations of Paragraph 288 directed to him.  Fani states that the allegations of Paragraph 288 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the remaining allegations of Paragraph 288.

289.   Paragraph 289 contains legal conclusions to which no response is

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

1    required.  Fani denies the allegations of Paragraph 289.

2         290.   Paragraph 290 contains legal conclusions to which no response is

3    required.  Fani denies the allegations of Paragraph 290.

4         291.   Paragraph 291 contains legal conclusions to which no response is

5    required.  Fani denies the allegations of Paragraph 291.

6                                   <u>**COUNT 6**</u>

7         292.   Fani re-alleges and reincorporates his answers to Paragraphs 1-291 of the

8    Amended Complaint as if fully set forth herein.

9         293.   Fani lacks knowledge or information sufficient to form a belief as to the

10   truth of the allegations of Paragraph 293 of the Amended Complaint, and therefore

11   denies the same.

12        294.   Paragraph 294 contains legal conclusions to which no response is

13   required.  Fani states that the allegations of Paragraph 294 are not directed to him and

14   therefore he makes no answer thereto.  To the extent any answer is required, Fani

15   denies the same.

16        295.   Paragraph 295 contains legal conclusions to which no response is

17   required.  Fani denies the allegations of Paragraph 295 directed to him.  Fani states that

18   the allegations of Paragraph 295 are otherwise not directed to him and therefore he

19   makes no answer thereto.  To the extent any answer is required, Fani denies the same.

20        296.   Fani denies the allegations of Paragraph 296 directed to him. Fani states

21   that the allegations of Paragraph 296 are otherwise not directed to him and therefore he

22   makes no answer thereto.  To the extent any answer is required, Fani denies the same.

23        297.   Fani denies the allegations of Paragraph 297.  Fani states that the

24   allegations of Paragraph 297 are otherwise not directed to him and therefore he makes

25   no answer thereto.  To the extent any answer is required, Fani denies the same.

26        298.   Fani states that the allegations of Paragraph 298 are not directed to him

27   and therefore he makes no answer thereto.  To the extent any answer is required, Fani

28   denies the same.

299.   Fani states that the allegations of Paragraph 299 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the same.

300.   Fani states that the allegations of Paragraph 300 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that the fax87. com lists the number (866) 698-4068 for sales and support; that the onlinefaxes.com website lists the number (888) 201-4170 as the number for sales and support; denies that the solidfax.com website provides a number for sales and support; admits that the fax87.com and onlinefaxes.com numbers direct callers to the One Voix call center; and denies the remaining allegations of Paragraph 300.

301.   Fani states that the allegations of Paragraph 301 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that the fax87. com and onlinefaxes.com websites have links for "Live Chat"; denies that the solidfax.com website has a link for "Live Chat"; admits that One Voix provides live chat services; and denies the remaining allegations of Paragraph 301.

302.   Fani denies the allegations of Paragraph 302 directed to him.  Fani states that the allegations of Paragraph 302 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits the re-direct to fax87.com but denies the remaining allegations of Paragraph 302.

303.   Fani states that the allegations of Paragraph 303 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 303.

304.   Fani states that the allegations of Paragraph 304 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 304.

305.   Fani states that the allegations of Paragraph 305 are not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 305.

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

306.   Fani denies the allegations of Paragraph 306 as directed to him. Fani states that the allegations of Paragraph 306 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 306.

307.   Fani denies the allegations of Paragraph 307 directed to him.  Fani states that the allegations of Paragraph 307 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the remaining allegations of Paragraph 307.

308.   Paragraph 308 contains legal conclusions to which no response is required.   Fani denies the allegations of Paragraph 308 directed to him.  Fani states that the allegations of Paragraph 308 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the remaining allegations of Paragraph 308.

309.   Paragraph 309 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 309 directed to him.  Fani states that the allegations of Paragraph 309 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the remaining allegations of Paragraph 309.

310.   Paragraph 310 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 310 directed to him.  Fani states that the allegations of Paragraph 310 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the remaining allegations of Paragraph 310.

311.   Paragraph 311 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 311.

312.   Paragraph 312 contains legal conclusions to which no response is required.  Fani denies the allegations of Paragraph 312.

313.   Paragraph 313 contains legal conclusions to which no response is

1  required.  Fani denies the allegations of Paragraph 313.

2  ## COUNT 7

3  314.   Fani re-alleges and reincorporates his answers to Paragraphs 1-313 of the

4  Amended Complaint as if fully set forth herein.

5  315.   Paragraph 315 contains legal conclusions to which no response is

6  required.  Fani lacks knowledge or information sufficient to form a belief as to the

7  truth of the allegations of Paragraph 315 of the Amended Complaint, and therefore

8  denies the same.

9  316.   Paragraph 316 contains legal conclusions to which no response is

10  required.  Fani lacks knowledge or information sufficient to form a belief as to the

11  truth of the allegations of Paragraph 316 of the Amended Complaint, and therefore

12  denies the same.

13  317.   Fani lacks knowledge or information sufficient to form a belief as to the

14  truth of the allegations of Paragraph 317 of the Amended Complaint, and therefore

15  denies the same.

16  318.   Paragraph 318 contains legal conclusions to which no response is

17  required. Fani denies the allegations of Paragraph 318 directed to him.  Fani states that

18  the allegations of Paragraph 318 are otherwise not directed to him and therefore he

19  makes no answer thereto.  To the extent any answer is required, Fani denies the

20  allegations of Paragraph 318.

21  319.   Paragraph 319 contains legal conclusions to which no response is

22  required. Fani denies the allegations of Paragraph 319 directed to him.  Fani states that

23  the allegations of Paragraph 319 are otherwise not directed to him and therefore he

24  makes no answer thereto.  To the extent any answer is required, Fani denies the

25  allegations of Paragraph 319.

26  320.   Paragraph 320 contains legal conclusions to which no response is

27  required. Fani denies the allegations of Paragraph 320 directed to him.  Fani states that

28  the allegations of Paragraph 320 are otherwise not directed to him and therefore he

makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 320.

321.   Paragraph 321 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 321 directed to him.  Fani states that the allegations of Paragraph 321 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 321.

322.   Paragraph 322 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 322 directed to him.  Fani states that the allegations of Paragraph 322 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 322.

## **COUNT 8**

323.   Fani re-alleges and reincorporates his answers to Paragraphs 1-322 of the Amended Complaint as if fully set forth herein.

324.   Paragraph 324 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 324 directed to him.  Fani states that the allegations of Paragraph 324 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 324.

325.   Fani denies the allegations of Paragraph 325 directed to him, including that he has made any unauthorized or infringing use of the "efax" mark.  Fani states that the allegations of Paragraph 325 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 325.

326.   Fani denies the allegations of Paragraph 326 directed to him, including that he has made any unauthorized or infringing use of the "efax" mark.  Fani states that the allegations of Paragraph 326 are otherwise not directed to him and therefore he

makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 326.

327.   Fani denies the allegations of Paragraph 327 directed to him, including that he has made any unauthorized or infringing use of the "efax" mark.  Fani states that the allegations of Paragraph 327 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 327.

328.   Paragraph 328 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 328 directed to him.  Fani states that the allegations of Paragraph 328 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 328.

329.   Paragraph 329 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 329 directed to him.  Fani states that the allegations of Paragraph 329 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 329.

## COUNT 9

330.   Fani re-alleges and reincorporates his answers to Paragraphs 1-329 of the Amended Complaint as if fully set forth herein.

331.   Fani denies the allegations of Paragraph 331 directed to him.  Fani states that the allegations of Paragraph 331 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 331.

332.   Paragraph 332 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 332 directed to him.  Fani states that the allegations of Paragraph 332 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the

allegations of Paragraph 332.

333.   Fani denies the allegations of Paragraph 333 directed to him.  Fani states that the allegations of Paragraph 333 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 333.

334.   Fani denies the allegations of Paragraph 334.

335.   Paragraph 335 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 335 directed to him.  Fani states that the allegations of Paragraph 335 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 335.

336.   Paragraph 336 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 336 directed to him.  Fani states that the allegations of Paragraph 336 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 336.

337.   Paragraph 337 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 337 directed to him.  Fani states that the allegations of Paragraph 337 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 337.

338.   Paragraph 338 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 338 directed to him.  Fani states that the allegations of Paragraph 338 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 338.

339.   Paragraph 339 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 339 directed to him.  Fani states that

the allegations of Paragraph 339 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 339.

340.   Paragraph 340 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 340 directed to him.  Fani states that the allegations of Paragraph 340 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 340.

341.   Paragraph 341 contains legal conclusions to which no response is required. Fani denies the allegations of Paragraph 341 directed to him.  Fani states that the allegations of Paragraph 341 are otherwise not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani denies the allegations of Paragraph 341.

### COUNT 10

342.   Fani re-alleges and reincorporates his answers to Paragraphs 1-341 of the Amended Complaint as if fully set forth herein.

343.   Fani states that Count 10 of the Amended Complaint is not directed to him, and Paragraph 343 is not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that MJF is an inactive corporation.

344.   Fani states that Count 10 of the Amended Complaint is not directed to him, and Paragraph 344 is not directed to him and therefore he makes no answer thereto.  To the extent any answer is required, Fani admits that the name fax87.com was a "doing business as" name for MJF.

345.   Fani states that Count 10 of the Amended Complaint is not directed to him, and Paragraph 345 is not directed to him and therefore he makes no answer thereto. To the extent any answer is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 345 of the

Amended Complaint, and therefore denies the same.

346.   Paragraph 346 contains legal conclusions to which no response is required.  Fani states that Count 10 of the Amended Complaint is not directed to him, and Paragraph 346 is not directed to him and therefore he makes no answer thereto. To the extent a response is required, Fani lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 346 of the Amended Complaint, and therefore denies the same.

## Demand for Jury Trial

347.   Fani states that Paragraph 347 contains only a jury demand to which no response is required.

## Relief Requested

As to the allegations in the Relief Requested section of the Amended Complaint, Fani denies that Plaintiffs are entitled to any of the requested relief including any monetary damages, punitive damages, accounting of profits or injunctive relief, and denies any and all allegations set forth in Paragraphs A through P of the Prayer for Relief.  Fani specifically denies any breach of contract, breach of the covenant of good faith and fair dealing, promissory fraud, infringement of the '638 patent, the '699 patent, and/or the '220 patent, trademark infringement, unfair competition under federal, state, and/or common law, including any allegations that his actions constitute willful infringement of the '638 patent, '699 patent, '220 patent, or the "efax" mark.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

Fani asserts the following affirmative and other defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiffs.  Fani reserves the right to modify and/or expand these defenses and to take further positions and raise additional defenses as discovery proceeds in this case.

## FIRST AFFIRMATIVE DEFENSE

Upon information and belief, the claims Plaintiffs assert against Fani are barred by the principles and doctrines of estoppel, and/or unclean hands.  On information and

1  belief, Gregory C. James is the sole inventor of the inventions disclosed in the '638

2  Patent.  On information and belief, James worked with Plaintiffs in connection with

3  creating the inventions disclosed in the '638 Patent.  On information and belief, after

4  James created the inventions disclosed in the '638 Patent, Plaintiffs' principals at the

5  time, Jack Rieley and Jaye Muller, sought patent protection for those inventions, and

6  claimed, falsely, that they had invented the inventions disclosed in the '638 Patent.  In

7  obtaining the patent, Rieley and Muller executed oaths pursuant to 35 U.S.C § 115

8  attesting that they believed themselves to be the original and first inventors of the

9  inventions disclosed in the '638 Patent.  On information belief, when Rieley and

10 Muller executed those oaths, they knew their declarations to be false because, having

11 worked with James, they knew he had solely invented the inventions disclosed in the

12 '638 Patent.  The claim of inventorship is material to patentability by virtue of it being

13 a prerequisite to obtaining patent protection for an invention.

14        On information and belief, Rieley, Muller and Plaintiffs (and/or their

15 predecessors in interest) intentionally obtained patent protection without James'

16 knowledge and omitted him as an inventor. On information and belief, James never

17 assigned his inventorship and ownership rights in the inventions disclosed in the '638

18 Patent to Plaintiffs (and/or their predecessors in interest). In a written agreement with

19 Plaintiffs (and/or predecessors in interest), James assigned certain intellectual property

20 rights to Plaintiffs (and/or their predecessors in interest), but not his inventorship rights

21 in the inventions disclosed in the '638 patent.

22        When Plaintiffs sued Fani for infringement of the '638 Patent in 2011 they

23 represented that they had the sole ownership interest in the patent when, in fact, they

24 knew that they did not. Plaintiffs concealed the true facts regarding the inventorship

25 and ownership of the '638 Patent throughout the litigation.  In entering the 2012

26 Settlement Agreement with Fani and MJF, Plaintiffs again represented they had the

27 sole ownership of the '638 Patent, when in fact, they knew they did not.  When

28 Plaintiffs entered the 2012 License Agreement with MJF, they again represented that

51                                          CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING
SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

they had the sole ownership interest in the '638 Patent when they knew they did not. Plaintiffs concealed the true facts in order to persuade Fani to abandon his rights to challenge the validity of the '638 Patent upon settlement, and to obtain royalty payments from MJF by way of the 2012 License Agreement to which they are not entitled.

## SECOND AFFIRMATIVE DEFENSE

By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that matured into the '638 patent, '699 patent and the '220 patent and, in particular, the applicant's and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, Plaintiffs are precluded and estopped from asserting that Fani has infringed upon any claim of the '638 patent, '699 patent or the '220 patent.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs are wholly or partially barred from the relief that it seeks because the asserted claims of the '699 patent and the '220 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability as set forth in the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 132, and the rules, regulations, and law pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have expressly, impliedly, or equitably released Fani with regard to the matters about which they complain in the causes of action asserted against Fani. Pursuant to the Settlement Agreement and Mutual Release dated April 2012, j2 and AMT forever released any claims (known and unknown) against Fani, including as an alleged alter-ego of MJF, for violation of any patent (or other claim) as of the Effective Date.

52   CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs did not reasonably rely on any of the alleged acts, omissions or representations of Fani. Plaintiffs attempted to negotiate a provision which would require Fani's signature on the License, but that term was rejected as part of the settlement. Thus, at all times, Plaintiffs knew, and accepted that Fani was not a signatory to the License and had no personal obligations thereunder. Nothing in the Settlement Agreement (or License) restricts Fani's future business endeavors, forbids him from establishing an Internet fax business, or prohibited the sale of MJF's assets to MyPhoneFax.Com, LLC, a Cook Island limited liability company.

## SIXTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiffs committed material breach of contract, precluding them, in whole or in part, from recovering from Fani with regard to the causes of action asserted against Fani. Upon information and belief, the claims Plaintiffs assert against Fani are barred by the principles and doctrines of estoppel, and/or unclean hands. On information and belief, Gregory C. James is the sole inventor of the inventions disclosed in the '638 Patent. On information and belief, James worked with Plaintiffs in connection with creating the inventions disclosed in the '638 Patent. On information and belief, after James created the inventions disclosed in the '638 Patent, Plaintiffs' principals at the time, Jack Rieley and Jaye Muller, sought patent protection for those inventions, and claimed, falsely, that they had invented the inventions disclosed in the '638 Patent. In obtaining the patent, Rieley and Muller executed oaths pursuant to 35 U.S.C § 115 attesting that they believed themselves to be the original and first inventors of the inventions disclosed in the '638 Patent. On information belief, when Rieley and Muller executed those oaths, they knew their declarations to be false because, having worked with James, they knew he had solely invented the inventions disclosed in the '638 Patent. The claim of inventorship is material to patentability by virtue of it being a prerequisite to obtaining patent protection for an invention.

On information and belief, Rieley, Muller and Plaintiffs (and/or their predecessors in interest) intentionally obtained patent protection without James' knowledge and omitted him as an inventor. On information and belief, James never assigned his inventorship and ownership rights in the inventions disclosed in the '638 Patent to Plaintiffs (and/or their predecessors in interest). In a written agreement with Plaintiffs (and/or predecessors in interest), James assigned certain intellectual property rights to Plaintiffs (and/or their predecessors in interest), but not his inventorship rights in the inventions disclosed in the '638 patent.

When Plaintiffs sued Fani for infringement of the '638 Patent in 2011 they represented that they had the sole ownership interest in the patent when, in fact, they knew that they did not. Plaintiffs concealed the true facts regarding the inventorship and ownership of the '638 Patent throughout the litigation.  In entering the 2012 Settlement Agreement with Fani and MJF, Plaintiffs again represented they had the sole ownership of the '638 Patent, when in fact, they knew they did not.  When Plaintiffs entered the 2012 License Agreement with MJF, they again represented that they had the sole ownership interest in the '638 Patent when they knew they did not. Plaintiffs concealed the true facts in order to persuade Fani to abandon his rights to challenge the validity of the '638 Patent upon settlement, and to obtain royalty payments from MJF by way of the 2012 License Agreement to which they are not entitled.  Plaintiffs false representations of sole ownership of the '638 Patent constitute material breaches of the Settlement Agreement and License Agreement precluding their enforcement against Fani under any theory.

## SEVENTH AFFIRMATIVE DEFENSE

Each purported cause of action against Fani is barred on account of mistake, fraud, or fraud in the inducement.

Upon information and belief, the claims Plaintiffs assert against Fani are barred by the principles and doctrines of estoppel, and/or unclean hands.  On information and belief, Gregory C. James is the sole inventor of the inventions disclosed in the '638

Patent.  On information and belief, James worked with Plaintiffs in connection with creating the inventions disclosed in the '638 Patent.  On information and belief, after James created the inventions disclosed in the '638 Patent, Plaintiffs' principals at the time, Jack Rieley and Jaye Muller, sought patent protection for those inventions, and claimed, falsely, that they had invented the inventions disclosed in the '638 Patent.  In obtaining the patent, Rieley and Muller executed oaths pursuant to 35 U.S.C § 115 attesting that they believed themselves to be the original and first inventors of the inventions disclosed in the '638 Patent.  On information belief, when Rieley and Muller executed those oaths, they knew their declarations to be false because, having worked with James, they knew he had solely invented the inventions disclosed in the '638 Patent.  The claim of inventorship is material to patentability by virtue of it being a prerequisite to obtaining patent protection for an invention.

On information and belief, Rieley, Muller and Plaintiffs (and/or their predecessors in interest) intentionally obtained patent protection without James' knowledge and omitted him as an inventor. On information and belief, James never assigned his inventorship and ownership rights in the inventions disclosed in the '638 Patent to Plaintiffs (and/or their predecessors in interest). In a written agreement with Plaintiffs (and/or predecessors in interest), James assigned certain intellectual property rights to Plaintiffs (and/or their predecessors in interest), but not his inventorship rights in the inventions disclosed in the '638 patent.

When Plaintiffs sued Fani for infringement of the '638 Patent in 2011 they represented that they had the sole ownership interest in the patent when, in fact, they knew that they did not. Plaintiffs concealed the true facts regarding the inventorship and ownership of the '638 Patent throughout the litigation.  In entering the 2012 Settlement Agreement with Fani and MJF, Plaintiffs again represented they had the sole ownership of the '638 Patent, when in fact, they knew they did not.  When Plaintiffs entered the 2012 License Agreement with MJF, they again represented that they had the sole ownership interest in the '638 Patent when they knew they did not.

1  Plaintiffs concealed the true facts in order to persuade Fani to abandon his rights to

2  challenge the validity of the '638 Patent upon settlement, and to obtain royalty

3  payments from MJF by way of the 2012 License Agreement to which they are not

4  entitled.

5  WHEREFORE, Fani denies that Plaintiffs are entitled to any relief as prayed for

6  in the Amended Complaint or otherwise and, accordingly, respectfully prays for entry

7  of judgment dismissing Plaintiffs' Amended Complaint, with prejudice, and for such

8  other and further relief as is just and proper under the circumstances including, but not

9  limited to:

10  A.  Dismissing any and all counts of the Amended Complaint asserted against

11  Fani, with prejudice;

12  B.  Declaring and entering judgment that Plaintiffs are not entitled to any

13  relief from Fani sought by the Amended Complaint and that Fani is not a party to the

14  License Agreement and has no obligations thereunder;

15  C.  Declaring and entering judgment that Fani has not infringed any of the

16  asserted claims of the '638 patent, '699 patent and '220 patent;

17  D.  Declaring and entering judgment that Fani has not infringed any

18  trademarks rights Plaintiffs may have in the term "efax";

19  E.  Declaring and entering judgment that all asserted claims of the '699

20  patent and the '220 patent are invalid;

21  F.  Declaring this case exceptional pursuant to 35 U.S.C. § 285 in favor of

22  Fani;

23  G.  Declaring this case exceptional pursuant to 15 U.S.C. § 1117 in favor of

24  Fani;

25  H.  Permanently enjoining Plaintiffs and their agents, servants, employees and

26  attorneys, and any and all person in active concert or participation with any of them

27  from asserting, stating, implying, or suggesting that Fani infringe any of the claims of

28  the '638 patent, '699 patent or the '220 patent or that he infringes any trademark rights

CASE NO. 13-cv-05353-DDP (AJW)

ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMEND. AND SUPPL. COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

Plaintiffs have in the term "efax";

I.      Awarding Fani his costs and reasonable attorneys' fees incurred in connection with this action.

## COUNTERCLAIM

COMES NOW Defendant-Counterclaimant Farjad Fani, ("Fani") and, for his Counterclaims against Plaintiffs j2 Cloud Services, LLP and Advanced Messaging Technologies, Inc. ("Counter-Defendants"), states as follows:

## NATURE OF ACTION

1.      This Counterclaim seeks, *inter alia*, a judgment declaring that all asserted claims of U.S. Patent No. 8,310,699 ("the '699 patent") and 8,675,220 ("the '220 patent") are invalid and/or not infringed by Fani.

## THE PARTIES

2.      Fani is an individual who currently resides in the State of Washington.

3.      Upon information and belief, Counter-Defendant j2 Cloud Services, LLP is a limited liability company organized under the laws of the State of California, with its principal place of business in Los Angeles, California. On information and belief, Counter-Defendant j2 Cloud Services, LLP's predecessor in interest was j2 Cloud Services, Inc. an original Plaintiff in this action.

4.      Upon information and belief, Counter-Defendant Advanced Messaging Technologies, Inc. is a Delaware corporation with its principal place of business in Los Angeles, California.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*., under 28 U.S.C. § 1338(a), and under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  Venue lies in this District under 28 U.S.C. §§ 1400(b) and 1391.

6.      On July 24, 2013, Counter-Defendants commenced a civil lawsuit against Fani, alleging that Fani is infringing at least claim of the '699 patent and at least claim

1 of the '220 patent.  Counter-Defendants have submitted to the personal jurisdiction of this Court by bringing the present action.

7.      By their actions, Counter-Defendants have created an actual and justiciable case and controversy between themselves and Fani concerning whether the asserted claims of the '699 patent and the '220 patent are valid; whether the '699 patent and the '220 patent are enforceable; and whether Fani has infringed any valid and/or enforceable claim of the '699 patent and the '220 patent.

## COUNTERCLAIM

### COUNT I

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,310,699)

8.      Fani incorporates by reference each and every allegation set forth in paragraphs 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9.      An actual case or controversy exists between Fani and Counter-Defendants as to whether the '699 patent is not infringed by Fani.

10.     Fani does not infringe the '699 patent because Fani does not practice, nor have the means to practice each element of any valid and enforceable claims of the '699 patent.

11.     Fani therefore seeks a judicial declaration finding that Fani has not infringed and does not infringe any valid and enforceable claim of the '699 patent.

### COUNT II

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,310,699)

12.     Fani incorporates by reference each and every allegation set forth in paragraphs 1 through 11 of this Counterclaim as if fully set forth and restated herein.

13.     An actual case or controversy exists between Fani and Counter-Defendants as to whether the '699 patent is invalid for failure to comply with the requirements for patentability set forth in 35 U.S.C. §§ 101 *et seq.*

14.     The asserted claims of the '699 patent are invalid and void for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100

1  *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, 112,

2  and/or 132.

3      15.    Fani therefore seeks a judicial declaration finding that the asserted claims

4  of the '699 patent are invalid.

5  **COUNT III**

6  **(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,675,220)**

7      16.    Fani incorporates by reference each and every allegation set forth in

8  paragraphs 1 through 15 of this Counterclaim as if fully set forth and restated herein.

9      17.    An actual case or controversy exists between Fani and Counter-

10  Defendants Plaintiffs as to whether the '220 patent is not infringed by Fani.

11      18.    Fani does not infringe the '220 patent or contribute to or induce the

12  infringement by others because Fani does not practice, nor does he have the means to

13  practice, each element of any valid and enforceable claims of the '220 patent.

14      19.    Fani therefore seeks a judicial declaration finding that Fani has not

15  infringed and does not infringe any valid and enforceable claim of the '220 patent.

16  **COUNT IV**

17  **(Declaratory Judgment of Invalidity of U.S. Patent No. 8,675,220)**

18      20.    Fani incorporates by reference each and every allegation set forth in

19  paragraphs 1 through 19 of this Counterclaim as if fully set forth and restated herein.

20      21.    An actual case or controversy exists between Fani and Counter-

21  Defendants Plaintiffs as to whether the '220 patent is invalid for failure to comply with

22  the requirements for patentability set forth in 35 U.S.C. §§ 101 *et seq.*

23      22.    The asserted claims of the '220 patent are invalid and void for failure to

24  comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100

25  *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, 112,

26  and/or 132.

27      23.    Fani therefore seeks a judicial declaration finding that the asserted claims

28  of the '220 patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Fani respectfully prays that the Court enter judgment in its favor and award the following relief against Counter-Defendants:

A.      Declare that Fani has not infringed any claim of the '699 patent or the '220 patent;

B.      Declare that each asserted claim of the '699 patent and the '220 patent is invalid and of no force or effect;

C.      Declare this case exceptional under 35 U.S.C. § 285 in favor of Fani;

D.      Permanently enjoin Counter-Defendants and their agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them from asserting, stating, implying, or suggesting that Fani infringes upon any claims of the '699 patent and the '220 patent;

E.      Award Fani his costs and reasonable attorneys' fees incurred in connection with this action; and

F.      Award and grant Fani such other and further relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fani demands a trial by jury of all issues so triable.

DATED: December 13, 2016              PUTTERMAN LANDRY + YU LLP


By:  /s/ *Michelle Landry*
                MICHELLE L. LANDRY

Attorneys for Defendant
FARJAD FANI

1  **CERTIFICATE OF SERVICE**

2       I hereby certify that on December 13, 2016, I authorized the electronic filing of

3   the foregoing ANSWER OF FARJAD FANI TO J2 CLOUD SERVICES, INC.'S

4   AND ADVANCED MESSAGING SERVICES, INC.'S FIRST AMENDED AND

5   SUPPLEMENTAL COMPLAINT, AFFIRMATIVE DEFENSES AND

6   COUNTERCLAIMS with the Clerk of the Court using the CM/ECF system.

7       Executed on December 13, 2016.

8                  /s/ *Michelle L. Landry*

9                    MICHELLE L. LANDRY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28