O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| j2 GLOBAL INC., et al. | ) | Case No. 13-05353 DDP (AJWx) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MATT JOHNSON FINANCE, INC., FAX87, ONE VOIX, MIRALUNA CABERTE YARDAN, ONLINEFAXES, SOLIDFAX, FAXVISION, EFAX4LESS, MYPHONEFAX AND RESELLFAX** |
| v. | ) | |
| ADVANCED MESSAGING TECHNOLOGIES, INC., | ) ) ) | |
| Defendants. | ) ) | |

Presently before the court is Plaintiffs j2 Cloud Services, LLC and Advanced Messaging Technologies, Inc.'s (collectively, "j2") Motion for Default Judgment Against Defendants Fax87, Matt Johnson Finance, Inc. ("MJF"), One Voix, Miraluna Caberte Yardan ("Ms. Yardan"), OnlineFaxes, SolidFax, FaxVision, eFax4Less, MyPhoneFax, and ResellFax (collectively, "Defaulting Defendants"). (Dkt. 155.) Having considered the parties submissions and heard oral argument, the court adopts the following Order.

**I. BACKGROUND**

The court assumes the parties familiarity with the facts, which have been set forth more fully in prior Orders. (*See* Dkts. 32, 106, 167.) In brief, j2 is the owner of U.S. Patents

No. 6,208,638 ("'638 patent") and 6,350,066 ("'066 patent"). (First Amended and Supplemental Complaint ("FASC") ¶ 25, 29.) In a prior action, j2 brought suit against Defendants Farjad Fani, Fax 87, and MJF for patent infringement. (Id. ¶ 45.) The parties settled the case, and j2 entered into a patent licensing agreement. (Id. ¶¶ 46-47.)

On July 24, 2013, Plaintiffs filed a new action asserting, *inter alia*, that Fani and associated entities breached the settlement agreement, violated the licensing agreement, and infringed j2's patents. (FASC ¶ 42.) While the original suit pertained only to Fani, Fax87, and MJF, this new action names a number of additional defendants, including alleged alter egos of the Fax87 companies and corporate officers from the various affiliate companies. According to j2, these affiliate companies continued to operate out of the Philippines and provided infringing services in violation of j2's patents and the various contractual agreements among the parties. j2 was able to serve MJF at the outset of this litigation but had difficulty locating and properly serving several other Defendants. (*See* Dkt. 32, 106.) By June 2016, however, j2 was able to locate and validly serve all Defaulting Defendants. (Dkt. 80.) Defaulting Defendants failed to respond to the Complaint, and the Clerk entered default against each of these defendants. (Dkts. 76, 94, 119-120.)

Pursuant to Rule 54(b), j2 now seeks default judgment against the Defaulting Defendants. (Mot. Default J. 2.) In particular, j2 seeks (1) an award compensatory damages, enhanced damages and attorneys fees, totaling $25,990,870.00; (2) preliminary and permanent injunctive relief to prevent future infringement of j2's patents and trademarks, as well as future unfair competition; and (3) an order requiring Defaulting Defendant MJF to pay the judgment from undistributed corporate assets and/or to recover assets wrongly distributed to its shareholders and officers. (*Id.*)

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b) authorizes the court to enter default judgment against a defendant whom the clerk has previously entered default. After the clerk enters default against a defendant, the factual allegations of the complaint, except those relating to damages, are taken as true. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v.*

*Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). A plaintiff, however, is not automatically entitled to a court-entered default judgment simply by virtue of the clerk's default. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). The court has discretion to enter default judgment. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

The following factors are relevant in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect and (7) the strong policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

In the Central District of California, motions for default judgment must set forth the following information: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required. C.D. Cal. L. R. 55–1.

**III. DISCUSSION**

Defaulting Defendants have not yet appeared in this action, and thus have not submitted any opposition to j2's Motion for Default Judgment. Moreover, no appearing party opposes the merits of j2's Motion for Default Judgment as to the Defaulting Defendants. In the court's own review of the *Eitel* factors, the court concludes that j2 has satisfied its burden for entry of judgment against Defaulting Defendants. j2's Complaint lays out in detail the allegations against the Defaulting Defendants. Accepting these allegations as true, j2 have adequately stated a claim against Defaulting Defendants on all

1  counts. *See TeleVideo Sys, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Moreover,
2  j2 has adequately made a case that delaying the entry of judgment will prejudice j2, as it
3  has suffered and continues to suffer substantial damages and diminished goodwill as a
4  result of Defaulting Defendants activities. Finally, although the court recognizes the
5  strong policy in favor of a decision on the merits, there is no evidence that the default
6  was a result of excusable neglect. Rather, the Defaulting Defendants were properly
7  served and at least some defendants previously participated in litigation against j2. Were
8  the defaulting parties the only Defendants, the court's inquiry might end at this point.
9  However, at least one Defendant, Farjad Fani, has timely responded to the Complaint
10 and opposes the Motion for Partial Default Judgment.

11 Fani contends argues that partial entry of default risks inconsistent judgments and
12 deprives Fani of the ability to present a full defense. (Opp'n 1.) Rule 54(b) provides in
13 relevant part that "when multiple parties are involved, the court may direct entry of a
14 final judgment as to one or more, but fewer than all, claims or parties only if the court
15 expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see*
16 *Curtiss–Wright Corp.*, 446 U.S. at 8 (noting that the court has discretion to enter a default
17 judgment as to less than all defendants).

18 When a defendant who is jointly liable defaults, judgment against that defendant
19 generally should not be entered until the claims against all other defendants have been
20 fully adjudicated. *Frow v. De La Vega*, 82 U.S. 552, 545-55 (1872). In addition to claims
21 asserting actual joint and several liability, the principle espoused in *Frow* also applies to
22 instances where the defendants have closely related defenses or are similarly situated. *In*
23 *re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). As one court has explained, the
24 key question in applying *Frow* is "whether under the theory of the complaint, liability of
25 all the defendants must be uniform." *Shanghai Automation Instrument Co. v. Kuei*, 194 F.
26 Supp. 2d 995, 1008 (N.D. Cal. 2001).

27 The present case does not present a circumstance that requires a uniform finding
28 of liability against all Defendants. A determination that Defaulting Defendants breached

4

their obligations under the licensing agreement, infringed on the patents and trademarks at issue, and committed fraud does not require a finding of liability against Fani personally nor should it be construed as such. j2 would still need to prove that Fani participated in the wrongful conduct. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1009 (N.D. Cal. 2001) ("Defendant Tsai's liability, either derivative of the corporate defendants under an alter ego theory or as a joint participant with defendant Kuei, turns on the facts proven with respect to his own conduct and involvement.") Further, the defenses Fani has represented he intends to present underscore the court's determination that the parties need not be jointly liable. For instance, Fani alleges that he "sold Fax87.com on December 31st 2012 and [has] nothing to do with Fax87.com since then." (Dkt. 168-2.) By contrast, j2's operative Complaint asserts that the breaches of licensing agreement date back to January 2013. (*See* FAC ¶ 183.) If Fani is able to prove this point, the court can simultaneously conclude that Fani is not liable for any wrongdoing but the subsequent owners of the defaulting entities are liable. Accordingly, the court concludes there is no just reason for delaying entry of final judgment against the Defaulting Defendants.

In light of the foregoing, the court adopts the following points:

**Judgment as to Liability**

1. This is an action for: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) promissory fraud, (4-6) patent infringement in violation of 35 U.S.C. § 271, (7) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, (8) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (9) unfair business practices under Cal. Bus. & Prof. Code § 17200, and (10) a petition to collect from a dissolved Washington Corporation under Washington Business Corporation Act § 23B.14.070.

2. This Court has personal jurisdiction over the parties, and subject matter jurisdiction over the matters in controversy. Venue is proper in this judicial district.

3. Defaulting Defendants MJF and Fax87 were served with the First Amended and Supplemental Complaint ("FAC") on or about April 19, 2016. Defaulting Defendant eFax4Less was served with the FAC on or about April 25, 2016. Defaulting Defendants Miraluna Caberte Yardan, One Voix, Fax87, OnlineFaxes, SolidFax, FaxVision, MyPhoneFax, and ResellFax were served with the FAC on or about May 25, 2016.

4. Having failed to answer, defaults on the FAC were entered against MJF and Fax87 on or about May 13, 2016, against eFax4Less on or about June 8, 2016, and against Miraluna Caberte Yardan, One Voix, OnlineFaxes, SolidFax, FaxVision, MyPhoneFax, and ResellFax on or about August 31, 2016.

5. Defaulting Defendants are not infants or incompetent, in the military or otherwise subject to the Civil Relief Act of 1940, and have been served with notice of this motion.

6. The Court grants judgment in favor of Plaintiffs and against Fax87 and MJF on Count 1 (breach of contract) and Count 2 (breach of the covenant of good faith and fair dealing) as signatories to the contract, as against Fax87 and MJF on Count 3 (promissory fraud) as promisors.

7. The Count grants judgment in favor of Plaintiffs and against OnlineFaxes, SolidFax, FaxVision, eFax4Less, MyPhoneFax, and ResellFax on Counts 1, 2 and 3, as alter egos of one another and of Fax87 and MJF.

8. The Court grants judgment in favor of Plaintiffs and against each Defaulting Defendant as aiders and abettors and conspirators with respect to Count 3.

9. The Court further finds that an award of punitive damages is appropriate against the Defaulting Defendants.

6

10. The Court grants judgment in favor of Plaintiffs and against each Defaulting Defendant for Counts 4 through 6 (patent infringement) as direct infringement, contributory infringers, inducing infringers and willful infringers, and as alter egos of one another.

11. In addition, the Court finds that this case is an exceptional case under 35 U.S.C. § 285, warranted an award of attorney fees.

12. The Court grants judgment in favor of Plaintiffs and against each Defaulting Defendant for Count 7 (trademark infringement) and 8 (Lanham Act violation) as direct infringers and violators, and as alter egos of one another.

13. The Court grants judgment in favor of Plaintiffs and against each Defaulting Defendant for Count 9 (unfair competition under California Business and Professions Code § 17200) against each Defaulting Defendant as direct infringers and violators, and as alter egos of one another.

14. The Court further grants judgment in favor of Plaintiffs and against MJF and Fax87 for Count 10 (Washington Business Corporation Act § 23B.14.070) as a dissolved corporation and alter ego thereof.

**Monetary Award**

15. On Counts 1 and 2, the Court awards Plaintiffs compensatory damages consisting of unpaid royalties in the amount of $3,730,492, plus unpaid contractual late fees in the amount of $672,424, for a total of $4,402,916.

16. The Court also awards attorney fees on Counts 1-2 as under § 10.1 of the License Agreement.

17. On Count 3, the Court awards Plaintiffs compensatory damages consisting of lost pre-settlement royalties in the amount of $549,646, unwarranted discounts in the amount $119,266, cost of working capital in the amount of and $366,562, for a total compensatory award of $1,035,474.

18. In addition, the Court finds that punitive damages are appropriate on Count 3. Accordingly, the Court finds that treble damages are warranted, with respect to

1 2 3     the amount of the lost pre-settlement royalties and unwarranted discounts, adding an additional $8,788,550.00 to the monetary award. The Court also finds that an award of attorney fees is warranted.

4. 19. On Counts 4-6, the Court awards Plaintiffs compensatory damages consisting of a reasonable royalty in the amount of $3,844,629, plus prejudgment interest based on Plaintiffs' cost of working capital in the amount of and $459,511, for a total compensatory award of $4,304,140. The Court finds that treble damages are warranted, with respect to the amount of the royalty award.

20. On Counts 7-8, the Court awards Plaintiffs compensatory damages consisting of lost profits in the amount of $9,579,507. The Court also awards attorney fees for willfulness.

21. On Count 9, the Court disgorges profits in the amount of $16,048,220 from the Defaulting Defendants and awards that amount to Plaintiffs. The Court further finds that an award of attorney fees is warranted with respect to Count 9.

22. Offsetting against any double recovery, j2 is hereby awarded $17,020,758 in compensatory damages and disgorged profits.

23. Under L.R. 55-3, j2 is hereby entitled to an award of attorney fees equal to $5200 plus 2% of the monetary award that is in excess of $100,000. Based on that formula, j2 is awarded an additional sum of $336,389 as attorney fees.

24. As enhanced damages, j2 hereby awarded $1,099,292.00 as punitive damages on the fraud claim (Count 3) and $7,689,258 as treble damages on the willful patent infringement claims (Counts 4-6).

25. In sum, j2 is awarded $17,020,758 in monetary compensation, $336,389 in attorney fees, and $8,788,550 in enhanced damages for a total monetary award of $26,145,697.

26. The Court further orders that each Defaulting Defendant is jointly and severally liable for the full amount of the award.

**Injunctive Relief**

27. It is further ORDERED that Defaulting Defendants and each their officers, directors, agents, servants, employees, affiliates, attorneys, and all others in privity or concert with them, including parents, subsidiaries, divisions, successors, and assigns, are **PRELIMINARILY AND PERMANENTLY ENJOINED** from:

    a. Selling or offering for sale or otherwise providing in the United States the Internet fax services currently offered through their websites, including fax87.com, enterprise.fax87.com, onlinefaxes.com, solidfax.com, faxvision.com, efax4less.com, reserllfax.com, weirdfax.com, faxeightyseven.com, fax87.net, enterprise.fax87.com, myphonefax.com, phonefax87.com, internetfaxes.com and other sister or affiliated websites;

    b. Selling or offering for sale or otherwise providing any in the United States any Internet fax services covered by U.S. Patent Nos. 6,208,638 ("the '638 Patent"), 8,310,699 ("the '699 Patent"), and 8,675,220 ("the '220 Patent");

    c. Using j2's EFAX® and E-FAX® marks, as well as any similar marks, in connection with the sale and offer for sale of Internet fax products and services;

    d. Providing instructions, components, software, technical support, services or otherwise assisting, aiding, or abetting any other person or entity in selling or offering for sale or otherwise providing Internet fax services as described in subparagraphs (a), (b) or (c);

28. The terms of this Injunction shall be enforceable against Defaulting Defendants, their officers, directors, agents, servants, employees, affiliates, attorneys, and all others in privity or concert with them, including parents, subsidiaries, divisions, successors, and assigns.

**Recovering Corporate Assets**

29. Under Washington Business Corporation Act § 23B.14.070, Defendants MJF and Fax87 shall use any undistributed assets to pay the judgment entered in this case.

30. MJF and Fax87 are further ordered to collect assets distributed to any shareholders, officers or directors in order to pay the judgment.

**Entry of Final Judgment**

31. There being no just reason for delay, the Court shall direct entry of final judgment Federal Rule of Civil Procedure 54(b) in favor of Plaintiffs as to all claims asserted in this action by j2 against Defaulting Defendants.

**Enforcement**

32. The Court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction. If Defaulting Defendants shall be alleged to have breached the terms of this Judgment and Permanent Injunction, j2 shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by *ex parte* application. If this matter is so reopened, j2 may pursue any and all remedies it may have against Defaulting Defendants and shall also be entitled to recover its attorneys' fees for any further litigation.

**IV. CONCLUSION**

For the reasons stated above, the court GRANTS Plaintiffs' Motion for Default Judgment Against Defendants Matt Johnson Finance, Inc., Fax87, One Voix, Miraluna Caberte Yardan, Onlinefaxes, Solidfax, Faxvision, Efax4less, Myphonefax And Resellfax. Nothing in this order shall be read to preclude any defenses or arguments that Defendant Farjad Fani may raise in the case against him personally.

**IT IS SO ORDERED.**

Dated: December 15, 2016

_____
     DEAN D. PREGERSON
  UNITED STATES DISTRICT JUDGE