KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
DAVID A. THOMAS (State Bar No. 215367)
2029 Century Park East, Suite 2000
Los Angeles, CA  90067
Telephone:  (424) 288-7900
Facsimile:  (424) 288-7901
dthomas@kasowitz.com

STEVEN C. CARLSON (State Bar No. 206451)
333 Twin Dolphin Dr # 200
Redwood City, CA 94065
Telephone:  (650) 453-5170
Facsimile:  (650) 453-5171
scarlson@kasowitz.com

Attorneys for
MYPHONEFAX.COM, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| j2 CLOUD SERVICES, INC., AND ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FAX87, FARJAD FANI, MATT JOHNSON FINANCE, INC., ELNAZ FANI, ONE VOIX, MIRALUNA CABERTE YARDAN, STEVEN THONG WAY SEN, ROBERT BEAULIEU, CHARLES MONTGOMERY, ONLINEFAXES, SOLIDFAX, FAXVISION, EFAX4LESS, MYPHONEFAX, RESELLFAX, AND DOES 1-10, <br><br> Defendants. | Case No. 13-cv-05353-DDP <br><br> **MYPHONEFAX.COM, LLC'S NOTICE OF MOTION TO VACATE DEFAULT JUDGMENT AND ORDER** <br><br> Date:     January 30, 2017 <br> Time:    10:00 a.m. <br> Dept:    9C <br> Judge:   Dean D. Pregerson <br><br> Complaint Filed:  July 24, 2013 |

Myphonefax.com, LLC's Motion to Vacate

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 30, 2017 at 10:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 9C of the United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, California, Myphonefax.com, LLC ("MPF") will and hereby does move for an Order to vacate the default judgment entered against MPF and related websites, which are owned and operated by MPF, and the December 15, 2016 Order Granting Motion For Default and Injunctive Relief Against Myphonefax.com and other nonresident defendants (collectively the "Default Judgment and Order"), pursuant to Federal Rule of Civil Procedure 60(b)(4) based on lack of personal jurisdiction due to insufficient service of process, and, as an alternative and independent basis, pursuant to Rule 60(b)(1) based on mistake, inadvertence, surprise, or excusable neglect.

MPF contends that it was not properly served with process, thus the Default Judgment and Order should be vacated.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in Support submitted herewith, the Declaration of Don Joffe submitted herewith, the Declaration of Miraluna Yardan submitted herewith, the Declaration of Erick Howard submitted in support of MPF's Motion to Stay, the Declaration of Steven Thong submitted in support of MPF's Motion to Stay, all attached exhibits, all other pleadings and papers on record in this action, and any such matters as the Court deems proper.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 20, 2016 and December 23, 2016.

Dated:  December 28, 2016          Kasowitz, Benson, Torres & Friedman LLP


By: /s/ David A. Thomas
        David A. Thomas

Attorneys for
MYPHONEFAX.COM, LLC

2

1   KASOWITZ, BENSON, TORRES &
    FRIEDMAN LLP
2   DAVID A. THOMAS (State Bar No. 215367)
    2029 Century Park East, Suite 2000
3   Los Angeles, CA  90067
    Telephone:  (424) 288-7900
4   Facsimile:   (424) 288-7901
    dthomas@kasowitz.com
5
    STEVEN C. CARLSON (State Bar No. 206451)
6   333 Twin Dolphin Dr # 200
    Redwood City, CA 94065
7   Telephone:  (650) 453-5170
    Facsimile:  (650) 453-5171
8   scarlson@kasowitz.com

9   Attorneys for
    MYPHONEFAX.COM, LLC
10

11

12           UNITED STATES DISTRICT COURT

13          CENTRAL DISTRICT OF CALIFORNIA

14

15   j2 CLOUD SERVICES, INC., AND     Case No. 13-cv-05353-DDP
    ADVANCED MESSAGING
16   TECHNOLOGIES, INC.,        **MYPHONEFAX.COM, LLC'S**
                         **MEMORANDUM IN SUPPORT**
17              Plaintiffs,   **OF MOTION TO VACATE**
                         **DEFAULT JUDGMENT AND**
18   v.                      **ORDER**

19   FAX87, FARJAD FANI, MATT
    JOHNSON FINANCE, INC.,
20   ELNAZ FANI, ONE VOIX,
    MIRALUNA CABERTE YARDAN,
21   STEVEN THONG WAY SEN,
    ROBERT BEAULIEU, CHARLES
22   MONTGOMERY, ONLINEFAXES,
    SOLIDFAX, FAXVISION,
23   EFAX4LESS, MYPHONEFAX,
    RESELLFAX, AND DOES 1-10,
24
              Defendants.
25

26

27

28
        Myphonefax.com, LLC's Memorandum in Support of Motion to Vacate

# TABLE OF CONTENTS

**Page(s)**

I.     PRELIMINARY STATEMENT ......................................................1

II.    FACTUAL BACKGROUND..........................................................2

III.   LEGAL STANDARDS ..............................................................5

    A.   Vacating Default Judgments For Improper Service Under Rule
       60(b)(4)...........................................................................5

       1.   Default Judgments Obtained Without Proper Service Are
          Void................................................................................5

       2.   Applicable Rules of Service Relevant to This Case ................6

          a.   Service of Process Under Rule 4 ..............................6

          b.   Service of Process Under the Laws of Philippines..........7

    B.   Vacating Default Judgment Under Rule 60(b)(1)..............................8

IV.    ARGUMENT.........................................................................9

    A.   MPF Was Never Served, Therefore the Default Order Is Void
       and Must Be Vacated ...........................................................9

       1.   MPF Was Not Served Consistent with Rule 4..........................9

       2.   MPF Was Not Served In Any Manner Permitted By
          Philippine Law ...............................................................13

    B.   Alternatively, the Default Judgment and Order Should Be
       Vacated Under Fed. R. Civ. P. 60(b)(1)....................................14

       1.   Plaintiffs Will Not Be Prejudiced By Litigating the Issues
          on the Merits ................................................................14

       2.   Defendant Has Meritorious Defenses to All of Plaintiffs'
          Claims .........................................................................15

          a.   MPF Has Meritorious Defenses To Plaintiffs'
             Three Patent Claims.........................................16

          b.   MPF Has Strong Defenses to All the Non-Patent
             Claims. ......................................................17

          c.   Plaintiffs Have Not Asserted Lanham Act or
             Trademark Claims Against MPF ............................21

i

      3.    Defendant's Conduct Was Not Culpable...................................21

V.    CONCLUSION...........................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abney v. Alameida,*
 334 F.Supp.2d 1221 (S.D. Cal.2004)..................................................................21

*Abramson v Marriott Ownership Resorts, Inc.,*
 155 F.Supp.3d 1056 (C.D. Cal 2016) ...............................................................20

*Barnhart v. Points Development US Ltd.,*
 2016 WL 3041036 (C.D. Cal., May 25, 2016) ..................................................18

*Bateman v. U.S. Postal Service,*
 231 F.3d 1220 (9th Cir. 2000) ............................................................................8

*Brandt v. Am. Bankers Ins. Co. of Florida,*
 653 F.3d 1108 (9th Cir. 2011) ............................................................................8

*Camacho v. Auto. Club of S. Cal.,*
 142 Cal.App.4th 1394 (2006) .............................................................................20

*Conder v. Home Savings of Am.,*
 680 F.Supp.2d 1168 (C.D. Cal. 2010) ..............................................................18

*Eberhard Inv. Assocs., Inc. v. Santino,*
 2003 WL 22126846 (S.D.N.Y. Sept. 12, 2003) ...............................................11

*Falk v. Allen,*
 739 F.2d 461 (9th Cir.1984) .......................................................................*passim*

*FDIC v. Oaklawn Aptmts.,*
 959 F.2d 170 (10th Cir.1992) .............................................................................11

*Hawaii Carpenters' Trust Funds v. Stone,*
 794 F.2d 508 (9th Cir. 1986) ..............................................................................15

*Hokama v. E.F. Hutton & Co., Inc.,*
 566 F.Supp. 636 (C.D.Cal.1983) ......................................................................18

*Kearns v. Ford Motor Co.,*
 567 F.3d 1120 (9th Cir. 2009) ............................................................................20

iii

*Kexuan Yao v. Crisnic Fund, S.A.*,
   2011 WL 3818406 (C.D. Cal. August 29, 2011) .........................................10, 12

*Lerma v. Stylistics Los Angeles Car Club, Inc.*,
   2015 WL 349310 (C.D. Cal. Jan. 23, 2015) ....................................................6, 9

*Meadows v. Dominican Republic*,
   817 F.2d 517 (9th Cir. 1987) ...........................................................................5

*Mississippi Publishing Corp. v. Murphree*,
   326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946) ............................................5

*Omni Capital Int'l, Ltd. v. Wolff & Co.*,
   484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ........................................5

*Pena v. Seguros La Comercial, S.A.*,
   770 F.2d 811 (9th Cir. 1985) ...........................................................................5

*Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*,
   507 U.S. 380 (1993) ........................................................................................8

*Quach v. Cross*,
   2004 WL 2862285 (C.D.Ca. December 3, 2004) ............................................22

*Royal Caribbean Cruises, Ltd. v. Jackson*,
   2013 WL 496060 (S.D. Fla. Feb. 7, 2013) .....................................................13

*S.E.C. v. Internet Solutions for Bus. Inc.*,
   509 F.3d 1161 (9th Cir. 2007) ......................................................................6, 9

*TCI Group Life Ins. Plan v. Knoebber*,
   244 F.3d 691 (9th Cir. 2001) ...................................................................*passim*

*Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de
   Costa Rica*,
   614 F.2d 1247 (9th Cir. 1980) .....................................................................6, 9

*UMG Recordings, Inc. v Glob. Eagle Entertainment, Inc.*,
   117 F.Supp.3d 1092 (C.D. Cal. 2015) ............................................................19

*United States v Iscandari*,
   2012 WL 2568187 (N.D. Cal. July 2, 2012) ...................................................15

iv

*United States v. Signed Personal Check No. 730 of Yubran S. Mesle*,
    615 F.3d 1085 (9th Cir. 2010) ...........................................................8

*Vazquez-Robles v. CommoLoCo, Inc.*,
    757 F.3d 1 (1st Cir. 2014) ............................................................... 11

**Statutes**

California Business & Professions Code § 17200 *et seq.* ............................16, 17, 20

**Rules**

Fed. R. Civ. P. 4 ...................................................................................*passim*

Fed R. Civ. P. 9 ............................................................................................20

Fed. R. Civ. P. 54 .........................................................................................21

Fed. R. Civ. P. 55 ...........................................................................................8

Fed. R. Civ. P.  60 ...............................................................................*passim*

Philippines Civil Procedure Rule 12 ...........................................................21

Philippines Civil Procedure Rule 13 .......................................................7, 13

Philippines Civil Procedure Rule 14 .......................................................7, 14

v

Myphonefax.com, LLC ("MPF"), a Cook Islands limited liability company, respectfully moves the Court to vacate the default judgment entered against Myphonefax.com and related websites, which are owned and operated by MPF, and the December 15, 2016 Order Granting Motion For Default and Injunctive Relief Against Myphonefax.com and other nonresident defendants (collectively the "Default Judgment and Order"), pursuant to Federal Rule of Civil Procedure 60(b)(4) based on lack of personal jurisdiction due to insufficient service of process, and, as an alternative and independent basis, pursuant to Rule 60(b)(1) based on mistake, inadvertence, surprise, or excusable neglect.

## I.    PRELIMINARY STATEMENT

MPF was never served in this action, but now finds itself saddled with a default judgment, which imposes ruinous and unwarranted damages and an injunction that threatens its very existence.  Because MPF was never properly served, the Default Judgment and Order is void and must be vacated under Rule 60(b)(4) without regard to any alleged actual or constructive notice.

Plaintiffs' purported service on MPF fails to meet the clear requirements of the Federal Rules of Civil Procedure (the "Rules") for numerous reasons, including that:

- Plaintiffs' alleged service on MPF was not directed or addressed to MPF;
- The person purportedly served is not an MPF employee or agent for service of process;
- MPF has no office, location, employees, or agent for service of process in the Philippines, the country in which service was unsuccessfully attempted;
- Plaintiffs' Federal Express package containing the summons and complaint did not require a signed receipt;
- Plaintiffs' proof of service did not include the required signed receipt;

- Plaintiffs' proof of service did not show the Federal Express delivery was received by the person to whom it was directed, but instead showed delivery to a receptionist unrelated to MPF; and
- Plaintiffs' facially deficient attempt at service did not comply with Philippine law for service.

Although plaintiffs never attempted proper service on MPF, they nonetheless filed a motion for default judgment relying on the patently deficient service described above. Plaintiffs' motion was granted by this Court on December 15, 2016. Due to plaintiffs' failure to effect proper service, this Court has no jurisdiction over MPF and the Default Judgment and Order must be vacated as void pursuant to Rule 60(b)(4).

Alternatively, if the Court were to find service was proper, the Default Judgment and Order should still be vacated pursuant to Rule 60(b)(1) because MPF's failure to appear was based on its reasonable belief that service was improper, which qualifies as a mistake, inadvertence, or excusable neglect under 60(b)(1).

Finally, the Order also should be vacated against putative defendants Fax87/Fax87.com, OnlineFaxes/OnlineFaxes.com, SolidFax/SolidFaxes.com, FaxVision/FaxVision.com, and ResellFax/Resellfax.com (the "Owned Websites") because those supposed-companies are merely websites owned by MPF, none of which – despite plaintiffs' claimed "service" on them – are actual legal entities.

## II.  FACTUAL BACKGROUND

MPF is a limited liability company organized and existing under the laws of the Cook Islands. *See* Declaration of Don Joffe in Support of MPF's Motion to Vacate ("Joffe Decl.") at ¶ 2. Its principal place of business is in Colombia and its registered agent is in the Cook Islands. *Id*. MPF has no place of business, assets, operations, agent or employees in the Philippines. *Id*. at ¶ 8.

In their motion for default, plaintiffs claim – wrongly – that service on MPF was completed on May 25, 2016.  *See* Dkt. Nos. 80, 155-158.  However, a review of the facts demonstrates the opposite: MPF was never properly served.  Plaintiffs' proof of service is dispositive.  *See* Dkt. Nos. 77, 80.  The proof of service consists of, in main part, (i) a copy of a FedEx shipping ticket showing that the Court clerk sent a FedEx package addressed to Miraluna Caberte Yardan ("Ms. Yardan"), on behalf of Onevoix, to an address in the Republic of the Philippines; and (ii) a FedEx digital printout showing a package was delivered to a receptionist named S. Sherry Galvez ("Ms. Galvez") in Muntinlupa, PH on May 25, 2016.  *See* Dkt. Nos. 77, 80.  No return receipt was requested nor provided.  *Id.*

While such evidence is insufficient to show proper service on *any* party under the Federal Rules of Civil Procedure, here it conclusively demonstrates that there was no service made on MPF.  Specifically, the FedEx package was addressed to Ms. Yardan at a company called Onevoix – not MPF.  *See* Dkt. Nos. 77, 80.  Onevoix is an independent company that provides certain customer support services for MPF. *See* Declaration of Miraluna Yardan in Support of MPF's Motion to Vacate ("Yardan Decl.") at ¶ 2; *see* Joffe Decl. at ¶ 8; *see also* Plaintiffs' First Amended Petition, Dkt. No. 43, at ¶ 110; Dkt. No. 158 (3:22-4:2).  Ms. Yardan is a principal at Onevoix, but she is not an MPF officer, manager, or authorized agent for service.  *Id.* at ¶¶ 4-5; Joffe Decl. at ¶ 8; *see also* Plaintiffs' First Amended Petition, Dkt. No. 43, at ¶ 109. Nor is Ms. Yardan an officer, manager, or authorized agent for service for any of the Owned Websites.[1]  Further, Ms. Galvez is not an MPF employee, officer, manager, or authorized agent for service.  *See* Joffe Decl. at ¶ 9.  No summons and complaint was ever addressed to MPF, served on its registered agent, nor upon its Manager. Joffe Decl. at ¶ 10.

---

[1] In fact, the Owned Websites are not legal entities or companies at all; they are merely websites operated by MPF.   Joffe Decl. at ¶¶ 8, 11.

Myphonefax.com, LLC's Memorandum in Support of Motion to Vacate

In their December 28, 2016 Opposition to MPF's Application For Stay, Plaintiffs, apparently concerned about the obvious deficiencies in their putative service in the Philippines, allege for the first time that service was effected on MPF (allegedly via an alter-ego relationship with Matt Johnson Finance, Inc. d/b/a Fax87 ["MJF"]) in Washington State on April 19, 2016.  *See* Dkt. No. 207.  However, plaintiffs did not make this unfounded assertion in their proof of service on MPF and other defendants,[2] their application to enter default against MPF and other defendants,[3] their motion for default judgment against MPF and other defendants,[4] or their declarations and exhibits in support of their motion for default judgment against MPF and other defendants.[5]  Further, the Default Judgment Order entered by this Court on December 15, 2016 against MPF was based on the alleged service on MPF on or about May 25, 2016 – that is, the FedEx sent to the Philippines.  *See* Dkt. No. 196, 6:8-9.  Therefore, plaintiffs' novel new assertion of service in Washington upon an alleged alter-ego is irrelevant for purposes of MPF's motion to vacate.

Regardless, missing from the referenced Washington State service documents is any evidence of service on MPF.  *See* Dkt. Nos. 46-49.  Rather, the Court record reflects attempts at service in Washington State on entities other than MPF, such as defendants Farjad Fani and Elnaz Fani in their individual capacities, MJF through its registered agent, Tom Walker, and Fax87 which plaintiffs allege is "an alter ego and d/b/a of Defendant Matt Johnson Finance, Inc., which is a Washington

---

[2] *See* Dkt. No. 80.

[3] *See* Dkt. No. 96, 1:11 (MPF "was served a Summons and the First Amended and Supplemental Complaint on May 25, 2016, in accordance with Fed. R. Civ. P. 4(f)(2)(c)(ii).").

[4] *See* Dkt. No. 158.

[5] *See* Dkt. No. 156,  Decl. of Guy Ruttenberg in Sup. Of Plaintiffs' Motion for Default Judgment, 2:18-21 ("On or about May 25, 2016…the Clerk of Court Served Defendants Miraluna Caberte Yardan… Onevoix, Fax87, OnlineFaxes, SolidFax, Faxvision, ***MyPhoneFax***, and ResellFax with the FAC in the Philippines. (Dkt. No. 80).") (emphasis added).

corporation." Dkt. No. 70 (1:21-23); *see also* Dkt. Nos. 46-49. Unsurprisingly, Plaintiffs failed to argue or explain how these Washington State service attempts on non-MPF defendants had anything to do with MPF – because obviously they do not.

## III. LEGAL STANDARDS

### A. Vacating Default Judgments For Improper Service Under Rule 60(b)(4)

#### 1. Default Judgments Obtained Without Proper Service Are Void

Default judgments are generally disfavored, as public policy dictates cases be adjudicated on the merits wherever possible. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). When a movant seeks to vacate a default judgment, "doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *Id.* (*citing* 7 J. Moore, Fed. Prac. ¶ 60.19, at 232–233); *see also Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). The Ninth Circuit has consistently held that where there has been no merits decision, appropriate exercise of discretion under Rule 60(b) requires that the interest in achieving a final resolution of the matter should readily give way to the competing interest in reaching the merits of the dispute. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (*overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)).

A federal court may not exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.,* 484 U.S. 97, 104 (1987) ( *citing Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444-445, 66 S.Ct. 242, 245-246, 90 L.Ed. 185 (1946)). "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1).

A default judgment is void and must be set aside under Rule 60(b)(4) when the defendant shows the service of process was insufficient and the court therefore

5

lacks personal jurisdiction over the defendant, regardless of whether the defendant had notice of the underlying proceeding.  *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007).  If the court deems that process was not sufficient, the judgment is void and must be vacated:

> There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4).  Nor is there any requirement, as there usually is when default judgments are attacked under Rule 60(b), that the moving party show that he has a meritorious defense. Either a judgment is void or it is valid.

*Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980) (internal citation omitted); *see also Internet Sols.*, 509 F.3d at 1165.

### 2.      Applicable Rules of Service Relevant to This Case
#### a.      Service of Process Under Rule 4

Under Rule 4, which governs service of process, "[s]ervice is proper when a copy of the summons and complaint are delivered 'to the individual personally' in the case of an individual defendant, or delivered 'to an agent authorized by appointment or by law to receive service of process,' in the case of a corporate defendant." *Lerma v. Stylistics Los Angeles Car Club, Inc.*, 2015 WL 349310, at *2 (C.D. Cal. Jan. 23, 2015), aff'd, No. 15-55270, 2016 WL 6803737 (9th Cir. Nov. 17, 2016) (citing Fed.R.Civ.P. 4).

Additionally, Rule 4 contains specific provisions addressing service of process on a foreign entity not within any judicial district of the United States, such as MPF. Pursuant to Rule 4(f)(2)(C)(i) and (ii), personal service, or service by "mail that the clerk addresses and sends to the individual and that requires a signed receipt," is allowed "unless prohibited by the foreign country's law."  Rule 4 specifically provides that service in a country such as the Philippines that is not a

signatory to any international agreement on service, such as the Hague Convention, may be effected by a method that is reasonably calculated to give notice "as prescribed by the foreign country's law for service in that country." Fed. R. Civ. P. 4(f)(2)(A). As discussed below, the laws and rules of the Philippines have specific requirements for serving a summons and for service by mail, which were not met here. Additionally, for service under Rule 4(f)(2)(C)(ii) to be effective, the plaintiff must submit proof of service which consists of "a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Fed. R. Civ. P. 4(l)(2)(B).

### b.    Service of Process Under the Laws of Philippines

Philippine Rules of Civil Procedure 13 and 14 govern service of process in that country. *See* Appendix A attached hereto. Rule 13, Section 11, states that service shall be performed personally, whenever practical, and that service effectuated by mail "must be accompanied by a written explanation why the service or filing was not done personally." Further, Rule 13, Section 7 requires that service by mail be done by registered mail and "shall be made by depositing the copy in the post office in a sealed envelope, plainly addressed to the party or his counsel at his office, if known, otherwise at his residence, if known, with postage fully prepaid, and with instructions to the postmaster to return the mail to the sender after ten (10) days if undelivered."[6]

Rule 14, Section 18, requires that "proof of service of a summons shall be made in writing by the server and shall set forth the manner, place, and date of service; shall specify any papers which have been served with the process and the

---

[6]  In addition, Rule 14, Section 3, requires that a summons "be served by the sheriff, his deputy, or other proper court officer, or for justifiable reasons by any suitable person authorized by the court issuing the summons." Rule 14, Section 6, states that "[w]henever practicable, the summons shall be served by handling a copy thereof to the defendant in person, or, if he refuses to receive and sign for it, by tendering it to him."

name of the person who received the same; and shall be sworn to when made by a person other than a sheriff or his deputy."

### B.   Vacating Default Judgment Under Rule 60(b)(1)

Additionally, Rule 60(b)(1) provides that a court may relieve a party from a default judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. *See Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000). What conduct constitutes excusable neglect or "mistake" under Rule 60(b)(1) and similar rules "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993).  The Ninth Circuit has held that the "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)(1) and (6). *See TCI Group Life,* 244 F.3d at 696.  A party moving to vacate a default judgment under Rule 60(b)(1) must satisfy the "good cause" standard consisting of a three-factor test:  (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984).  The court is to consider all three *Falk* factors in determining whether to liberally exercise its power to vacate a default judgment – no one factor is conclusive. *See Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("The district court's finding that [the moving party] acted culpably did not preclude it, as a matter of law, from setting aside the default judgment[.]").[7]

---

[7] The *Brandt* court addressed the contention that the *Falk* test is "disjunctive" and found them to be without merit. *But see United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

## IV.   **ARGUMENT**

### A.   **MPF Was Never Served, Therefore the Default Order Is Void and Must Be Vacated**

Plaintiffs' proof of service of summons suffers from a host of independently fatal concessions and omissions each of which is sufficient to demonstrate that MPF was never served, much less properly served in accordance with Federal Rule of Civil Procedure 4.  Accordingly, the Default Judgment and Order are void and must be vacated.  *Internet Sols.*, 509 F.3d at 1165; *Thomas P. Gonzalez Corp.*, 614 F.2d at 1256.

### 1.   **MPF Was Not Served Consistent with Rule 4**

The most glaringly obvious problem with plaintiffs' alleged proof of service of summons (hereinafter "proof of service"), as to MPF, is that it has *nothing* to do with MPF.  *See* Dkt. No. 77, No 80.  Plaintiffs allege that MPF, along with other defendants, was served in accord with Federal Rule of Civil Procedure 4(f)(2)(C)(ii).  *Id*.  However, Rule 4(f)(2)(C)(ii) requires service by "mail that the clerk addresses and sends to the individual and that requires a signed receipt."  Contrary to plaintiffs' assertion, the proof that plaintiffs rely on to contend service was properly completed – Dkt. No. 77 – demonstrates beyond cavil that the requirements of Rule 4(f)(2)(C)(ii) were not met.  Plaintiffs did not show that (i) process was sent to MPF (ii) by sending it to a person authorized to receive service and (iii) that the Federal Express package required a signed receipt.  Failure to meet any of these requirements is fatal to plaintiffs' contention that service was properly completed.  Plaintiffs failed to meet *any* of these requirements.  Instead, plaintiffs merely established that a FedEx package was addressed to Ms. Yardan on behalf of Onevoix at an address in the Republic of the Philippines.  The package was not addressed to MPF nor sent to MPF.  Accordingly, plaintiffs' alleged service on MPF failed to comply with the requirement that it be addressed and sent *to MPF. See* Dkt. No. 77; *see also Lerma*

Myphonefax.com, LLC's Memorandum in Support of Motion to Vacate

*v. Stylistics Los Angeles Car Club, Inc.*, 2015 WL 349310, at \*2 (C.D. Cal. January 23, 2015) and Fed. R. Civ. P. 4(f)(2)(C)(ii).  Not surprisingly, no signed receipt was proffered as evidence in plaintiffs' default motion.

Although plaintiffs incorrectly allege in their proof of service that (i) "[a]ll of the Defendants named [in plaintiffs' proof of service] are located at the same address in the Philippines," (ii) the "Clerk of Court addressed a Federal Express package to the Defendants named above in care of Miraluna Yardan at the common address for all of the Defendants," and (iii) "Miraluna Yardan holds herself out to be the CEO, COO and/or managing member of each of Defendants named above," plaintiffs offered no evidence or explanation that prove these assertions.  *See Kexuan Yao v. Crisnic Fund, S.A.*, No. SACV 10-1299 AG JCGX, 2011 WL 3818406, at \*7 (C.D. Cal. Aug. 29, 2011) ("Courts have found that Rule 4(h)(2) allows for service of a corporation through service of its officers, managers, or authorized agents…But Plaintiff has submitted no evidence that Cruz is an officer, managing agent, general agent, or otherwise authorized agent of Defendant Crisnic.  Therefore, the Court concludes that Plaintiff has not satisfied service of Defendant Crisnic under Rule 4(h)(2) or any other provision of Rule 4(h)").  Put another way, conclusory assertions in a proof of service are insufficient where the proof of service lacks a coherent explanation of how the facts could be true.  *Id.*  Here, Ms. Yardan is not an officer, manager, authorized agent or even employee of MPF.  In fact, she is a principal at Onevoix, a company that provides customer service for MPF websites.  *See* Plaintiffs' First Amended Complaint, Dkt. No. 43, at ¶ 109-110.

Moreover, six (6) of the so-called defendants plaintiffs claimed to have served, Myphonefax, Fax87, Onlinefaxes, SolidFax, FaxVision, and ResellFax – and which were also subject to the default judgment – are not legal entities, but merely websites operated by MPF.  Notwithstanding that fact, plaintiffs claim they were also served through Ms. Yardan.  *See* Dkt. No. 80.  This, simply, is nonsense.

Additionally, the second assertion in plaintiffs' proof of service – that the FedEx package was addressed and sent to all the defendants – is demonstrably false and disproven by a review of the actual document plaintiffs cite in support of their inventive assertion.  The FedEx label sent to Ms. Yardan clearly shows it was addressed to only one company – Onevoix.  *See* Dkt. No. 77.

There is no evidence that the summons and complaint was addressed and sent to MPF and the defaulted defendants, including MPF's websites. *See Eberhard Inv. Assocs., Inc. v. Santino*, No. 01 CIV.3840 LMM, 2003 WL 22126846, at *2 (S.D.N.Y. Sept. 12, 2003) (Absence of evidence that summons and complaint were served on company and employees precluded default judgment against company and employees.).

Furthermore, even if the unsubstantiated assertion that "Miraluna Yardan holds herself out to be the CEO, COO and/or managing member of each of Defendants named" in plaintiffs' proof of service were true, Ms. Yardan is still not a proper agent of MPF for purposes of service of process because such conduct does not actually transform the individual into a proper agent for service of process.  *See Vazquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 6 (1st Cir. 2014) ("From a legal perspective, it is doubtful that the doctrine of apparent agency has any purchase in the context of service of process….")*, quoting FDIC v. Oaklawn Aptmts*., 959 F.2d 170, 175 (10th Cir.1992) (internal quotation marks omitted).

In sum, plaintiffs offered no evidence or explanation demonstrating how a FedEx slip addressed to Miraluna Caberte Yarden on behalf of Onevoix with a Philippine address, which ultimately was received by another person, constitutes proof of service on MPF or has any connection to MPF, especially since (i) MPF is a Cook Islands company,[8] (ii) MPF does not maintain a business, have an office, or

---

[8] This motion does not address whether plaintiffs' attempted service on a Cook Island entity – here merely mailing papers to a third party in the Philippines – would offend the laws of the Cook Islands because plaintiffs' only attempted

own property in the Philippines, and (iii) Miralana Caberte Yardan is not a MPF officer, manager, or authorized agent. *See* Joffe Decl. at ¶¶ 2, 8; Yardan Decl. at ¶¶ 4, 5.[9]

Further, the lack of the requisite signed receipt is an additional fatal flaw in plaintiffs' alleged service on MPF. *See Kexuan Yao v. Crisnic Fund, S.A.*, No. SACV 10-1299 AG JCGX, 2011 WL 3818406, at *7 (C.D. Cal. Aug. 29, 2011) ("The evidence of service by United States Postal Service is insufficient because Plaintiff has submitted no evidence of a signed receipt."). For service under Rule 4(f)(2)(C)(ii) to be effective, the plaintiff must submit proof. Under Rule 4(l), service outside of a United States judicial district under 4(f)(2) or (f)(3) must be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Fed. R. Civ. P. 4(l)(2)(B). Plaintiffs submitted no evidence complying with Rule 4(l). Instead, plaintiffs' proof of service shows a FedEx digital printout showing a package was delivered to a receptionist named S. Sherry Galvez in Muntinlupa, PH on May 25, 2016. *See* Dkt. No. 80. That "evidence" is proof of nothing. In short, plaintiffs failed to explain or show how the digital printout has anything to do with proof of service on MPF since there is no dispute that S. Sherry Galvez is not an officer, manager, or authorized agent of MPF. *See* Joffe Decl. at ¶ 9; *see also Kexuan Yao v. Crisnic Fund, S.A.*, No. SACV 10-1299 AG JCGX, 2011 WL 3818406, at *6 (C.D. Cal. Aug. 29, 2011) (plaintiffs' submission of copy of receipt signed by someone other than defendant was no proof of service on defendant).

_____

service of Myphonefax was its FedEx delivery to a different company in the Philippines at an address unrelated to that company.

[9] Further, although defendant Farjad Fani's initial disclosures served on September 1, 2016, prior to plaintiffs' October 31, 2016 motion for default judgment, included the identity of MPF's Manager, plaintiffs never attempted to serve that person and moved forward for default without informing the Court of same.

Plaintiffs' failure to address the service to MPF, failure to send the service documents to MPF, and failure to obtain a signed receipt acknowledging service on MPF each provide an independent basis requiring a determination that service was improper and mandating the Default Judgment and Order be vacated. *See Royal Caribbean Cruises, Ltd. v. Jackson*, No. 12-22000-CIV, 2013 WL 496060, at *3 (S.D. Fla. Feb. 7, 2013) (Attempted service under Rule 4(f)(2)(C)(ii) improper because the clerk did not address the letters to the defendants and there were no signed receipts by the defendants.).

Plaintiffs' failure to properly serve MPF is not an isolated incident.  To date, service has been challenged by four (4) defendants in this case.  Service on two (2) has been held deficient, one (1) defendant was dismissed by way of a joint stipulation, and service on the fourth has been contested and is *sub judice*.  That track record does not inspire confidence in plaintiffs' assertions of sufficient service here.

## 2.   MPF Was Not Served In Any Manner Permitted By Philippine Law

In order to effect service under Rule 4 – and the evidence proves they did not – plaintiffs must demonstrate that such service does not offend Philippine law. Philippine law requires service to be effected in person when practical, and that service not performed in person must be accompanied by a written explanation why it was not done personally.  *See* Philippine Rule of Civil Procedure 13, Section 11. It appears that Plaintiff made no attempt to serve personally, and there is no explanation as to why personal service could not be accomplished.  Instead, it appears that Plaintiff simply resorted, in the first instance (and just weeks after naming MPF and its websites as defendants), to mail service on Onevoix.

Moreover, Rule 13, Section 7 requires that service by mail be done by registered mail and be addressed to the party at the party's office or counsel's office, or otherwise at the party's residence. Plaintiffs' purported service was not sent by

13

registered mail and was not addressed to MPF at MPF's or its counsel's address.[10]

As discussed *supra* at Section III(A), plaintiffs' failure to serve MPF in accordance with the Federal or Philippine rules for service renders the Default Judgment and Order void and requires they be vacated pursuant to Rule 60(b)(4).[11]

## B.   Alternatively, the Default Judgment and Order Should Be Vacated Under Fed. R. Civ. P. 60(b)(1)

As discussed *supra*, Fed. R. Civ. P 60(b)(1) provides for relief from a final judgment where that judgment was based on "mistake, inadvertence, surprise, or excusable neglect" provided the movant can show "good cause." *See TCI Group Life*, 244 F.3d at 696.

The good cause analysis considers three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *Falk*, 739 F.2d at 463. Here, all three factors weigh in favor of vacating the default.

### 1.   Plaintiffs Will Not Be Prejudiced By Litigating the Issues on the Merits

In order for there to be cognizable prejudice to plaintiff, the vacating of a default judgment must cause greater harm than merely delaying the ultimate resolution of the case – the standard is whether plaintiff's ability to pursue his claims

---

[10] In addition, Rule 14, Section 3, requires that a summons "be served by the sheriff, his deputy, or other proper court officer, or for justifiable reasons by any suitable person authorized by the court issuing the summons." Plaintiffs' attempt to serve its summons by FedEx was thus prohibited and not effective. Rule 14, Section 18, requires that "proof of service of a summons shall be made in writing by the server and shall set forth the manner, place, and date of service; shall specify any papers which have been served with the process and the name of the person who received the same; and shall be sworn to when made by a person other than a sheriff or his deputy." Plaintiffs' "proof of service" wholly failed to comply with Rule 14, Section 18. *See* Dkt. No. 80.

[11] Further, as shown supra, no service was made on MPF in Washington State.

will be hindered.  *See Falk*, 739 F.2d at 463; *see also United States v Iscandari*, C11-0797 JSC, 2012 WL 2568187, at *4 (N.D. Cal. July 2, 2012).  Prejudice to a plaintiff in vacating a default judgment occurs when a plaintiff's ability to pursue its claim will be hindered because evidence is lost, discovery becomes more difficult, or there is an opportunity for fraud or collusion.  *See TCI Group Life*, 244 F.3d at 701.  The ordinary cost of litigating is not a recognized factor under the *Falk* test.  *Id.*

Here, plaintiffs will incur no prejudice if the default judgment is vacated. First, plaintiffs' claims remain active against several answering defendants, thus litigating this matter on the merits as to the moving defendant is not prejudicial. These other defendants share common defenses of non-infringement, no breach of contract, and no unfair business practices.

Second, there is no evidence on the record that vacating the default will lead to any loss of evidence, onerous discovery, or fraud or collusion like that contemplated by the Ninth Circuit in *TCI*.  *See id.*  Further, there is no risk of lost evidence in that MPF has taken appropriate steps to ensure that relevant documents or information concerning the issues in this matter have been preserved.  *See* Joffe Decl. at ¶ 18.

## 2.    Defendant Has Meritorious Defenses to All of Plaintiffs' Claims

In considering whether a defendant has a meritorious defense, the Court must determine "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).  As shown below, MPF has valid defenses to plaintiffs' claims – which defenses are shared by the co-defendants – demonstrating that there is a strong likelihood that the outcome at trial will be contrary to the default judgment here.

Plaintiffs have asserted seven causes of action against the moving defendant in the First Amended Complaint: breach of contract, breach of implied covenant of good faith and fair dealing, promissory fraud, unfair competition under California Business & Professions Code § 17200 *et seq.*, and three distinct patent infringement claims.

### a.    MPF Has Meritorious Defenses To Plaintiffs' Three Patent Claims

Plaintiffs allege that MPF infringes on three U.S. patents – specifically, U.S. Patents 8,675,220, 6,208,638, and 8,310,699.   As detailed below, MPF has meritorious defenses to all three patent claims.

Faxes to MPF's customers' are received on the publicly switched telephone network ("PSTN") by EtherFax.  *See* Declaration of Steven Thong in Support of Myphonefax.com, LLC's Ex Parte Application For Stay of Default Judgment ("Thong Decl.") at ¶ 6.  EtherFax digitizes and retransmits the faxes on the Web (packet-switched network) to MPF's server in Germany from where they are then sent to customers.  *Id.* at ¶ 9.

**U.S. Patent No. 8,675,220.**  The '220 patent concerns searching on keywords digitally extracted from faxes.   MPF's services do not use digital character recognition to extract text, and do not run keyword searches on extracted text. The limited search capability on MPF's sites only searches on separately input fields, like sender and recipient, not on extracted text.  *Id.* at ¶ 13.

**U.S. Patent No. 6,208,638.**   The '638 patent covers receiving a fax, converting the fax into a digital representation, and emailing it.  In MPF's system, an independent company, EtherFax, is the entity that receives a fax message and converts the message to digital format. EtherFax does not email the converted text to MPF.  Instead, it uses an application programming interface ("API") transfer protocol that is not email.  *Id.* at  ¶ 8.

**U.S. Patent No. 8,310,699.**  This patent covers counting the number of fax pages received, and then based on that page count, determining a "measure" of the total number of pages transmitted, such as the number of trees saved by not printing faxes, or a number of carbon credits earned.  There is no such "measure" of a page count in MPF's services.  *Id.* at ¶ 15.  And the last step ("allocating at least one such measure, associated with one of said plurality of users, to each of a plurality of groups of said users") is not done by any entity.

Further, the Default Judgment and Order is grossly overbroad in that it, in essence, shuts MPF down forever, without consideration of the alleged infringing conduct, the scope of the patents, and the expiration of the patents. The injunctive relief is not limited to specific allegedly infringing conduct or even the causes of action plaintiffs alleged in their pleadings against MPF.  Rather, it is not limited in scope, purports to continue in perpetuity, and is facially overbroad by enjoining conduct involving plaintiffs' Lanham Act and trademark claims which were not asserted against MPF.

**b.**  **MPF Has Strong Defenses to All the Non-Patent Claims**

In addition to the claims alleging patent infringement, plaintiffs assert several non-patent causes of action in the FAC, including claims for breach of contract, breach of implied covenant of good faith and fair dealing, promissory fraud, and unfair competition under California Business & Professions Code § 17200 *et seq*. All of those claims are, in main part, dependent on plaintiff's proving patent infringement.

The breach of contract, breach of implied covenant of good faith and fair dealing, and promissory fraud claims are shown meritless because MPF was not a party to the settlement agreement and license agreement, which serve as the basis for plaintiff's claims and, in fact, did not exist at the time those agreements were

17

executed.  *See* Joffe Decl. at ¶ 2.  Accordingly, any cause of action predicated on an explicit or implicit breach of those agreements or any implied covenant running therefrom must fail as to MPF.  *See Conder v. Home Savings of Am.*, 680 F.Supp.2d 1168, 1174 (C.D. Cal. 2010) (applying California law and granting defendant's motion to dismiss breach of contract claims against defendant who was not a party to the contract); *see also Barnhart v. Points Development US Ltd.,* 2016 WL 3041036 (C.D. Cal., May 25, 2016) (dismissing plaintiff's breach of contract claim without prejudice where defendant did not exist at time of execution of subject agreement).

Plaintiffs' claims against MPF are grounded in an alter ego theory – a theory for which they have put forth no evidence or tangible proof.  In the First Amended Complaint ("FAC"), plaintiffs claim that MPF is "an unincorporated business association with its primary place of business in the state of Washington, the state of Colorado and/or the Republic of the Philippines," and that MPF "is an affiliate and/or alter ego of Defendants Fax87, OnlineFaxes, SolidFax, FaxVision, and eFax4less." *See* Dkt. No. 43, FAC at ¶ 11.  The mere conclusory allegations contained in plaintiffs' FAC regarding their alter ego theory of liability are insufficient to state a claim against MPF, which was not a party to the agreements.  *See Hokama v. E.F. Hutton & Co., Inc.*, 566 F.Supp. 636, 647 (C.D.Cal.1983) ("Defendants further argue that plaintiffs cannot circumvent the requirements for secondary liability by blandly alleging that [two defendants] are 'alter egos' of other defendants accused of committing primary violations. This point is well taken.... If plaintiffs wish to pursue such a theory of liability, they must allege the elements of the doctrine. Conclusory allegations of alter ego status such as those made in the present complaint are not sufficient").  Here, plaintiffs set out no facts sufficient to meet this burden.

MPF is not an alter ego of any party to the agreements at issue in this case.  Rather, MPF is a Cook Islands limited liability company that acquired certain assets,

including the Fax87 website, in a purchase for value.  *See* Joffe Decl. at ¶¶ 2, 3. MPF's operation of various websites and domain names, including myphonefax.com, was in an effort to capture the maximum share of the internet market. *Id.* at ¶ 21.  In fact, plaintiffs similarly operate over ten internet fax websites, presumably in an effort to achieve the same goal.  *Id.*  As discussed above, MPF and its websites are not infringing on plaintiffs' patented technologies – accordingly and contrary to plaintiffs' assertions, no nefarious motives for the manner in which MPF operates its businesses exist or can be inferred.

Plaintiffs also have asserted a claim for promissory fraud against MPF.  To state a claim for promissory fraud under California law, plaintiffs must adduce "(1) a knowingly false representation or fraudulent omission by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *UMG Recordings, Inc. v Glob. Eagle Entertainment, Inc.*, 117 F.Supp.3d 1092, 1109 (C.D. Cal. 2015).  A plaintiff asserting a claim for promissory fraud must plead and prove that a defendant made a promise to that the defendant had no intention of performing *at the time the promise was made*.  See Cedars Sinai Med. Ctr. v. Mid–W. Nat. Life Ins. Co., 118 F.Supp.2d 1002, 1013 (C.D. Cal. 2000) ("A suit for fraud and deceit will only lie when one makes a promise of future conduct with no intention, at the time of the promise, of actually performing that promise").

Specifically as to MPF, plaintiffs claim that MPF (and all defendants) "committed acts in furtherance of the overall fraudulent scheme orchestrated by Defendant Farjad Fani" and that "Defendants worked together and agreed, implicitly and explicitly, by coordinating their actions and otherwise acting in concert with one another." *See* Dkt. No. 43, FAC at ¶ 239-40.  Beyond tying MPF's liability to the correctness of Mr. Fani's actions, which the Court acknowledges are still being litigated here, there is not a scintilla of evidence that MPF made a knowingly false

19

representation or fraudulent omission to plaintiffs, let alone that MPF had no intention of fulfilling any promise at the time it was allegedly made.  In fact, MPF did not exist as of the date the agreements at issue were executed.  *See* Joffe Decl. at ¶ 2.

Additionally, the subject agreements did not prohibit the course of conduct undertaken by MPF here (or by Mr. Fani if the gravamen of the allegation is that he is the bad actor who directed all other entities as an "alter ego") namely, MPF's purchase of assets from a party to the agreement for the establishment of a new internet fax business.  Indeed, the subject agreement makes clear that plaintiffs have no obligation to extend the terms of the license to any third party purchaser and that such purchaser would need to negotiate a new deal with plaintiffs should it wish to continue to use the Patented Products.  Of course, MPF operates without the use of the Patented Products and thus has no obligation to pay plaintiffs any royalty for its separate, non-infringing business.

The final non-patent claim asserted by plaintiffs sounds in unfair competition under California state law.  Under the statute pled, California Business & Professions Code § 17200 *et seq.*, competition is "unfair" if "(1) the consumer injury is substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided."  *Camacho v. Auto. Club of S. Cal.*, 142 Cal.App.4th 1394, 1403 (2006).  Claims asserted under this statute must meet Fed R. Civ. P. 9(b)'s "heightened pleading standard."  *Abramson v Marriott Ownership Resorts, Inc.*, 155 F.Supp.3d 1056, 1066 (C.D. Cal 2016); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (when a "claim is said to be 'grounded in fraud' or to 'sound in fraud,' the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b).") (internal citations omitted). Plaintiffs' First Amended Complaint fails to identify any injury to customers, let alone a

20

"substantial" one.  Further, the allegations contained in this cause of action are essentially exclusively directed at various non-moving defendants – plaintiffs fail to identify any "unfair" conduct undertaken by MPF.  Under the Rule 9(b) pleading standard, plaintiffs' unfair competition claim would not survive a Rule 12 motion due to the absence of detailed factual support.  As such, it cannot be the basis for a default judgment here.

### c.   Plaintiffs Have Not Asserted Lanham Act or Trademark Claims Against MPF

Plaintiffs did not assert their trademark and Lanham Act claims against MPF. See Dkt. No. 43, 59:6-9, 60:11-15.  As such, the Default Judgment and Order, which grants judgment in favor of plaintiffs and against MPF on those two claims, is facially overbroad and invalid. See Fed. R. Civ. P. 54(c)("A default judgment must not differ from…what is demanded in the pleadings."); *see also Abney v. Alameida*, 334 F.Supp.2d 1221, 1235 (S.D.Cal.2004) ("[A] default judgment may not be entered on a legally insufficient claim.").   The inclusion of trademarks in the injunction against MPF is likewise not proper and exceeds the scope of a valid default judgment because no cause of action was asserted against MPF for those two counts.  *Id.*  Similarly, awarding plaintiffs monetary damages against MPF in the amount of $9,579,507 for the trademark and Lanham Act claims, which claims were never even asserted against MPF, is likewise improper and invalid.

### 3.   Defendant's Conduct Was Not Culpable

The third and final *Falk* factor looks to the culpability of the moving defendant's conduct in the entry of the default judgment.  Situations where the moving defendant offers a credible, good faith explanation negating any "intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process" generally render the defendant's conduct not "culpable," even if the defendant had actual notice of the pending action. *TCI*

21

*Group Life,* 244 F.3d at 697–98.  The *TCI* court went on to elaborate on the indicia of culpability: "[i]n contrast, we have typically held that a defendant's conduct was culpable for purposes of the *Falk* factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Here, the moving defendant, a Cook Islands company, did not file a responsive pleading because proper service had not been effectuated.  While MPF became aware that its internet assets had been named (incorrectly) in the present action, it had a good faith basis to believe that no response was necessary.  Counsel for co-defendant Mr. Fani reviewed the facts of the purported service in the Philippines, applicable case law, and the relevant provisions of the Federal Rules of Civil Procedure and determined that service had not yet been made.  *See* Declaration of Erick C. Howard in Support of MPF's Ex Parte Application for Stay ("Howard Decl.") at ¶ 3.  On the basis of its understanding that until MPF had been properly served it had no obligation to respond, MPF did not respond.  *See* Joffe Decl. at ¶ 10.

The failure of a Cook Islands entity, purportedly served at the address of a separate company in the Philippines, to appear in an action pending in the United States could hardly be construed as a "devious, deliberate, willful" attempt to "manipulate the legal process." *See TCI Group Life*; s*ee also Quach v. Cross*, 2004 WL 2862285 at *7 (C.D.Ca. December 3, 2004) (finding excusable neglect and vacating default where defaulting party failed to respond because they felt they were improperly served).

As discussed *supra*, MPF can satisfy all three *Falk* factors.  Accordingly, it is in the interests of justice for the Court to vacate the default judgment entered on December 15, 2016 and allow MPF to defend the present action on the merits.

V.   **CONCLUSION**

For these reasons, MPF respectfully requests that the Court GRANT its application to vacate the Default Judgment and Order.

Dated:  December 28, 2016     Kasowitz, Benson, Torres & Friedman LLP

By: /s/ David A. Thomas
    David A. Thomas

Attorneys for
MYPHONEFAX.COM, LLC

Myphonefax.com, LLC's Memorandum in Support of Motion to Vacate