O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| j2 GLOBAL INC., et al., | ) | Case No. CV 13-05353 DDP (AJWx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING EX PARTE** |
| | ) | **APPLICATION FOR STAY OF** |
| v. | ) | **DEFAULT JUDGMENT** |
| | ) | |
| FAX87.COM, et al., | ) | [Dkt. 206] |
| | ) | |
| Defendants. | ) | |

Presently before the court is Defendant MYPHONEFAX.COM, LLC's ("MPF") Ex Parte Application for an Order Staying Default Judgment. (Dkt. 206.) The court assumes the parties' familiarity with the facts of this case, which have been set forth in previous Orders. (*See* Dkts. 32, 103, 169, 196.) As relevant here, on August 31, 2016, the court granted an Application for Entry of Default against several defendants in this case, including MPF. (Dkt. 119.) On December 15, 2016, the court granted Plaintiff's Motion for entry of a Default Judgment as to MPF and several other defaulting defendants. (Dkt. 196.) Shortly after the entry of default judgment, MPF made its first appearance in this case and filed an ex parte application to stay the default judgment pending resolution of

1   its Motion to Vacate Default Judgment. (*See* Dkts. 206, 212.)

2         MPF has not identified the precise basis for its stay application but it has since
3   filed a Motion to Vacate under Rule 60. (Dkt. 212.) Federal Rule of Civil Procedure 62(b)
4   provides that "[o]n appropriate terms for the opposing party's security, the court may
5   stay the execution of a judgment—or any proceedings to enforce it—pending disposition
6   of any of the following motions: . . . under Rule 60, for relief from a judgment or order."
7   Fed. R. Civ. P. 62(b)(4). "As the term 'may' denotes, the decision whether or not to grant a
8   stay is within the Court's discretion." *United States v. Moyer*, No. C 07–00510 SBA, 2008
9   WL 3478063, at *6 (N.D. Cal. Aug. 12, 2008) (citing *U.S. for Use & Benefit of Larkin v. Platt*
10  *Contracting Co.*, 324 F.2d 95 (1st Cir. 1963)). Although the Ninth Circuit has not "expressly
11  considered what factors should be used to determine whether or not a stay would be
12  appropriate under Rule 62(b)," some courts have applied the rule for granting stays
13  pending appeal under Rule 62(c). *See, e.g.*, *Fredianelli v. Jenkins*, No. C-11-3232 EMC, 2013
14  WL 5934988, at *1 (N.D. Cal. Nov. 4, 2013); *Moyers*, 2008 WL 3478063, at *6. In
15  determining whether to grant a Rule 62(c) stay, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

18  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

19        The court finds that MPF has satisfied its burden for securing a stay while the
20  court addresses the pending Motion to Vacate. MPF's ex parte application has set forth
21  several arguments for why it may not have been properly served in this case. Given that,
22  "a judgment entered without personal jurisdiction over the parties is void," *Thomas P.*
23  *Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1255 (9th Cir.
24  1980), the court believes a brief stay is warranted while the parties arguments are more
25  closely examined by the court. Further, MPF has established that it may be irreparably
26  injured absent a stay given the scope of the injunction and the size of the judgment.

27        The only remaining question is whether to require some form of security as a
28  condition of the stay. "Because Rule 62(b) is intended to preserve the status quo while

1  protecting the prevailing party's interest in the judgment, a stay of judgment usually
2  requires a bond." *Fredianelli*, 2013 WL 5934988, at *1 (internal quotations and citations
3  omitted). At the same time, "The district court has the discretion to issue an unsecured
4  stay in unusual circumstances where the granting of the stay will not 'unduly endanger
5  the judgment creditor's interest in ultimate recovery.'" *Sanchez v. California Dep't of Corr.
6  & Rehab.*, No. 1:12-CV-01835-SAB, 2015 WL 4253862, at *1 (E.D. Cal. July 13, 2015)
7  (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir.
8  1980)). At bottom, "Rule 62(b) indicates that courts have flexibility in assessing adequate
9  security." *Id*. Given the short duration of the stay, the court believes that a bond for the
10 full amount of the judgment plus interest is not warranted in this case. However, the
11 court will condition the bond on "appropriate terms" so as to ensure j2's "security."

12 The court hereby GRANTS MPF's Ex Parte Application for a Stay of Default
13 Judgment. As a condition of the stay, MPF is required to a post a bond no later than
14 January 6, 2017 in the amount $500,000.00. If MPF fails to post the bond by January 6,
15 2017, the stay shall automatically be lifted. Further, during the pendency of the stay, MPF
16 is prohibited from using its assets other than in the ordinary course of business and to
17 pay reasonable attorneys' fees. Any use or transfer of assets, other than for these
18 expressly allowed purposes, may result in sanctions.

20 **IT IS SO ORDERED.**

23 Dated: December 29, 2016

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE