UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CIVIL MINUTES--GENERAL

Case No. CV 13-5353 DDP (AJWx)                Date: February 10, 2017

Title: j2 CLOUD SERVICES, LLC v. FAX87.COM, et al.
==================================================================
PRESENT:     **HON. <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE**

<u>     Kerri Hays     </u>                <u>       n/a       </u>
       Deputy Clerk                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
          None Present                              None Present


**ORDER REGARDING DEFENDANT MYPHONEFAX.COM, LLC'S MOTION TO ENFORCE PROTECTIVE ORDER [Dkt. No. 254]**

The motion concerns plaintiff's possession of allegedly confidential screenshots from defendant's computer system. For the following reasons, the motion is **denied**.

First, defendant concedes that: "The screenshots were not produced by any party or non-party in this action." [Joint Stipulation ("JS") at 3]. Since the screenshots have never been produced in this case, the screenshots necessarily were "known to" plaintiff "prior to" their disclosure or discovery in this case. [See Order dated September 16, 2016, para. 3(b)].

Second, plaintiff has expressly denied defendant's allegation that it obtained the screenshots by using passwords or login credentials contained in documents produced in this case. [See JS at 12; Ruttenberg Decl., paras. 2-6]. The court accepts and relies upon that representation made by counsel based on personal knowledge and under penalty of perjury. Thus, there is no evidence that information excerpted or extracted from documents or information produced in this case was used to obtain the screenshots. [See Order dated September 16, 2016, para. 3].

Third, there is no evidence that plaintiff used the screenshots for any purpose other than "prosecuting, defending or attempting to settle this litigation." [See Order dated September 16, 2017, para. 7.1].

2

The protective order generally does not regulate plaintiff's ability to obtain or use information or materials first acquired by means other than disclosure or discovery in this case. Defendant will have to look to trade secret law or other law to address its concerns about that.  The court does not address the question whether plaintiff's acquisition or use of the screenshots was otherwise lawful because the only issue properly before the court is whether plaintiff's acquisition or use of the screenshots violates the protective order.  On the present record, it does not.

**IT IS SO ORDERED.**

cc:   Parties

MINUTES FORM 11                                       Initials of Deputy Clerk__klh____
CIVIL-GEN

2