O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J2 CLOUD SERVICES, INC., et al., | ) | Case No. 13-05353 DDP (AJWx) |
| | ) | |
| Plaintiff, | ) | **ORDER VACATING PLAINTIFF'S** |
| | ) | **MOTION TO DISMISS AND** |
| v. | ) | **MOTION TO STRIKE** |
| | ) | |
| FAX87.COM, et al., | ) | [Dkt. 284] |
| | ) | |
| Defendants. | ) | |

Presently before the court is Plaintiffs j2 Cloud Services, LLC and Advanced Messaging Technologies, Inc. (collectively, "j2") Motion to Dismiss Defendant Farjad Fani's counterclaims for declaratory judgment of non-infringement and invalidity pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Strike Fani's third affirmative defense for invalidity pursuant to Fed. R. Civ. P. 12(f). Having reviewed the parties' submissions, the court VACATES the motions and adopts the following Order.

The court assumes the parties' familiarity with the factual background of this case. In relevant part, j2 filed the operative complaint in this action on April 15, 2016. (Dkt. 43.) On July 1, 2016, Fani waived service pursuant to a stipulation by the parties. (Dkt. 112.)

Subsequently, on December 12, 2016, Mr. Fani answered the Complaint and served counterclaims. (Dkt. 191.) The following day, the court struck Mr. Fani's Answer and Counterclaim for failure to include the appropriate counterclaim caption on the cover page and for mistitling the relevant docket entry as a suit by Fani against Fani. (*See* Dkts. 193, 194.) Mr. Fani refiled a corrected document with the appropriate caption and docket entry text on December 13, 2016. (Dkt. 195.)

On April 7, 2017, j2 filed a motion to dismiss the counterclaims for invalidity and non-infringement and to strike the third affirmative defense for invalidity. Fani does not respond to the merits of j2's contentions but instead represents to the court that he intends to file amended pleadings as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B) by April 28, 2017, thereby mooting the instant motion. j2 responds that Fani cannot avail himself of the ability to file an amended pleading as of right because he has already amended his pleading once and, even if he could amend his pleading, that right only extends to Fani's counterclaims and not the affirmative defenses in his Answer.

Under Rule 15(a), "A party may amend its pleading once as a matter of course" within certain timelines. Fed. R. Civ. P. 15(a). This rule distinguishes between pleadings that require a responsive pleading—e.g., a complaint, counterclaim, third-party complaint—and those that do not. *See* Fed. R. Civ. P. 7 (listing allowed pleadings). All pleadings may be amended once as a matter of course within "21 days after serving it . . . ." Fed. R. Civ. P. 15(a)(1)(A). If, however, "the pleading is one to which a responsive pleading is required," a party may amended the pleading "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

Fani contends that his December 13 pleading, a combined Answer and Counterclaims, was one which required a responsive pleading and thus entitled him to amend as a matter of course within 21 days after service j2's instant motion made pursuant to rule 12(b) and (f). j2 first objects on the ground that the December 13 pleading was itself an amended pleading, which amended Fani's December 12 Answer

2

and Counterclaim. In support, j2 cites a Seventh Circuit decision for the proposition that "the federal rules do not distinguish between technical and substantive amendments," and it "is of no consequence" that the amendments may have been "technical ones requested by the district court judge" or to "correct clerical errors." *Rodgers v. Lincoln Serv., Inc.*, 771 F.2d 194, 203-04 (7th Cir. 1985). In *Rodgers*, however, the court was addressing a plaintiff who had revised his Complaint once already to replace John Doe defendants with actual names. As the Seventh Circuit recognized, even though this was a technical amendment, it was not a "trivial amendment" but rather had the potential to affect serious notice and jurisdictional concerns. *Id.* Here, by contrast, Fani was directed to submit a corrected document to update a caption and docket entry text that fixed typographical errors and made no substantive changes and asserted no additional claims or parties. Likewise, there were no notice concerns as the counterclaim portion of the first pleading explicitly lists Plaintiffs j2 and Advanced Messaging Technologies as the counter-defendants of the counterclaim. (Dkt. 191 at 57.) Accordingly, the court finds that Fani's December 13 pleading was the first pleading for purposes of the Rule 15 analysis.

j2 also contends that, even if Fani is permitted to amend his Counterclaim as a matter of course, that right does not extend to allow an Amended Answer because the Answer is not a pleading "to which a responsive pleading is required." Put differently, the question is whether Fani's December 13 filing constitutes one pleading—a combined Answer and Counterclaim to which a response is required—or two separate pleadings for purposes of Rule 15. The few courts to have addressed this issue have arrived at divergent conclusions. *See Yale Univ. v. Konowaloff*, No. 3:09CV466 AWT, 2010 WL 3925262, at *1 (D. Conn. Sept. 29, 2010) (holding that an Amended Answer containing both an answer and counterclaim were two separate pleadings and only the latter could be amended pursuant Rule 15(a)(1)(B)); *but see Primerica Life Ins. Co. v. Davila*, No. 1:10-CV-1924 AWI SMS, 2011 WL 643395, at *3 (E.D. Cal. Feb. 17, 2011) (finding that "Counterclaims are not separate pleadings, but are instead items that are asserted as part of another pleading, such as an answer" and applying Rule 15(a)(1)(B)'s time limit to the

entire filing). Absent additional guidance from the court of appeals, this Court finds that a single filing which contains both an Answer and a Counterclaim constitutes two separate pleadings, and only the latter is a pleading "to which a responsive pleading is required" for purposes of Rule 15. By its plain terms, Rule 15 distinguishes between pleadings that require a response and those that do not. The former is governed by one set of rules for amendment and the latter by another. An Answer is generally a pleading to which a responsive pleading is not allowed. *See* Fed. R. Civ. P. 7(a)(7) (noting that a reply to an answer is allowed only by court order). The addition of counterclaims to an Answer does not convert the Answer into a pleading to which a response is allowed. To the contrary, only "an answer to a counterclaim designated as a counterclaim" is allowed. Fed. R. Civ. P. 7(a)(3). To reach the opposite conclusion would mean that a defendant who filed an answer alone would be limited to amend the answer once as a matter of course within 21 days, while a defendant who filed an answer supplemented with any counterclaim would be able to amend that same answer—not just the counterclaims—potentially months later. This is inconsistent with the text and purpose of Rule 15. Accordingly, the court finds that Fani may file an Amended Counterclaim within as a matter of course by April 28, 2017 but must seek leave of this Court to file an Amended Answer pursuant to Fed. R. Civ. P. 15(a)(2).

On the basis of Fani's representation that he will amend his pleadings, the court hereby VACATES j2's Motions to Dismiss and Strike. In the event that Fani elects not to file amended pleadings, j2 may refile its motion to dismiss and strike.

**IT IS SO ORDERED.**

Dated: April 28, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

4